PEOPLE *v.* BLUE.

1. CRIMINAL LAW—INDORSING WITNESSES WITHIN DISCRETION OF COURT.
   Under code of criminal procedure (3 Comp. Laws 1929, § 17254), indorsement of names of witnesses after filing information is wholly within discretion of trial court.

2. SAME—APPEAL AND ERROR.
   Exercise of court's discretion in permitting indorsement of names of witnesses after filing information is to be reviewed on showing made and in view of circumstances.

3. SAME—MOTION TO INDORSE SHOULD BE SUPPORTED BY OATH UNLESS WAIVED.
   Motion to indorse names of witnesses after filing of information should be supported under oath unless oath is waived.

4. SAME—BURDEN OF PROOF—CONTINUANCE.
   Where motion is made to indorse names of witnesses when trial is imminent or in progress, prosecution has burden of showing of excuse for failure to sooner indorse, and if showing is sufficient *prima facie*, defendant then has burden of showing in opposition to indorsement or for continuance, which may be attacked by further showing of prosecution.

5. SAME—APPEAL AND ERROR—BURDEN OF PROOF—ABUSE OF DIS-
CRETION.

In reviewing action of trial court in permitting indorsement of
names of witnesses after filing information, ultimate question
is whether court abused its discretion, with burden ordinarily
on party asserting abuse.

6. SAME—JURISDICTION—FAILURE TO PROMPTLY INDORSE WITNESSES.

Want of excuse or bad faith in failing to promptly indorse
names of witnesses on information does not deprive court of
jurisdiction to permit indorsement after filing information, but
it casts upon prosecution burden of demonstrating that defend-
ant will not be injured thereby, and that court is justified in
permitting it.

7. SAME—AFFIDAVITS—SUFFICIENCY OF SHOWING TO INDORSE WIT-
NESSES.

Affidavit of prosecutor stating that request for indorsement of
names of witnesses on information followed at once on dis-
covery of said witnesses was sufficient showing to justify in-
dorsement.

8. SAME—NO DUTY ON COURT TO GRANT CONTINUANCE OF OWN MO-
TION.

Trial court, on granting permission to indorse names of wit-
nesses on information, has no duty, of its own motion, to
grant continuance, where it is not asked.

9. SAME—TRIAL—COURT MAY PREVENT DECEPTION OF JURY.

Trial court is not obliged to sit quiescent in criminal trial and
permit testimony to be wrested from its setting to deceive
the jury.

10. SAME.

Where defendant's counsel was cross-examining prosecution's
chief witness by way of impeachment, trial court properly
called attention of jury to fact that the impeaching testimony
referred to different situation than did testimony it was sought
to impeach.

11. SAME—APPEAL AND ERROR.

Claimed errors relating to calling of witnesses are not dis-
cussed, where not raised at trial or covered by assignments
of error.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 15, 1931. (Docket No. 204, Calendar No. 35,183.) Decided December 8, 1931.

Lee Blue was convicted of bombing a building. Affirmed.

*Edward N. Barnard,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Bartel J. Jonkman,* Prosecuting Attorney, for the people.

FEAD, J. Defendant was convicted of partially destroying the Family Theater building in Grand Rapids by means of explosives. The people claimed defendant was hired to bomb the building by one Roe Lawton, principal witness for the prosecution.

On ample notice, trial was set for May 1st. April 26th, the people moved to indorse the names of several additional witnesses on the information after it had been filed. Notice of the motion was received by counsel for the defense at Detroit on April 28th. On May 1st, permission was granted to indorse the names, over defendant's objection that he had not had opportunity to ''examine into'' the witnesses. No request for continuance was made.

Defendant contends that the code of criminal procedure of 1927, 3 Comp. Laws 1929, § 17254, governing such indorsement of names, makes no change from the former rule provided in 3 Comp. Laws 1915, § 15761, and that a continuance should have been granted. The prosecuting attorney urges that the rule under the code is that permission to add names may be granted in any case except where it appears that the prosecution has been guilty of bad faith in withholding them.

Both contentions are wrong. In *People* v. *Tamosaitis*, 244 Mich. 258, this court, through Mr. Justice SHARPE, said:

"The change made by the legislature clearly indicates an intention to vest an even wider discretion in the trial court than that proposed by the commission. This discretion is, of course, reviewable. The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney."

Under the code, the indorsement of names after filing is wholly within the discretion of the court. The discretion, of course, is judicial, not personal, must be exercised with due regard to protection of the right of an accused to prepare his defense and to be accorded a fair trial, and is to be reviewed upon the showing made and in view of the circumstances. Motions to indorse should be supported under oath unless oath is waived. Where trial is imminent or in progress, the prosecution has the burden of a showing of excuse for failure to sooner indorse. If the showing is sufficient *prima facie,* the defendant then has the burden of a showing in opposition to the indorsement or for continuance, which may be attacked by further showing of the prosecution. The ultimate question, on review, is whether the court abused its discretion, with the burden ordinarily on the party asserting abuse. Want of excuse or bad faith in failing to promptly indorse names does not deprive the court of jurisdiction to permit indorsement but it casts upon the prosecution the burden of demonstrating that defendant will not be injured thereby and that the court is justified in granting the motion.

At bar, the motion was supported by affidavit of the prosecuting attorney that request for indorsement followed at once on discovery of the witnesses. The showing was sufficient to justify indorsement. Defendant made no claim that he was unacquainted with the witnesses nor that a continuance was necessary to enable him to meet their testimony. The court had no duty, of its own motion, to grant continuance, where it was not asked. The record shows no abuse of discretion in granting the motion.

Criticism is made of remarks of the court during the cross-examination of Lawton by way of impeachment through his testimony taken on the preliminary examination of defendant. As presented, this impeaching testimony referred to a different situation than did the testimony it was sought to impeach. The court's remarks were made to point out the incidents to which the testimony referred and to prevent confusion of the jury. The court is not obliged to sit quiescent and permit testimony to be wrested from its setting to deceive the jury. It is fair to state that present counsel for defendant was not in the case at the trial.

The other claimed errors relate to the calling of witnesses and need no discussion because the points were not raised at the trial nor covered by the assignments of error. Nor is there merit in them.

Judgment affirmed.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred with FEAD, J. WIEST, J., concurred in the result.