## PEOPLE v. JACKSON.

1. CRIMINAL LAW—MAINTAINING HOUSE OF ILL-FAME—EVIDENCE.
   Motion to dismiss complaint and warrant, made at close of people's case in prosecution for maintaining a house of ill-fame, was properly denied where sufficient testimony had been introduced by the people to support the allegations of the information.

2. INDICTMENT AND INFORMATION—INDORSEMENT OF NAMES—DISCRETION OF COURT.
   The indorsement of names on an information after it is filed is within the discretion of the court, a judicial discretion which must be exercised with due regard to protection of the right of an accused to prepare her defense and be accorded a fair trial (3 Comp. Laws 1929, § 17254).

3. SAME—INDORSEMENT OF NAMES—ABUSE OF DISCRETION.
   Where defendant had known witnesses whose names she sought to have indorsed on information at time of trial on charge of maintaining a house of ill-fame, it was not an abuse of discretion to decline to order indorsement (3 Comp. Laws 1929, § 17254).

4. CRIMINAL LAW—INDORSEMENT OF NAMES—MISCARRIAGE OF JUSTICE.
   At trial on charge of maintaining house of ill-fame the failure to order indorsement of names of two witnesses who were known by defendant but not produced at examination *held*, not to have resulted in a miscarriage of justice (3 Comp. Laws 1929, §§ 17254, 17354).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 17, 1947. (Docket No. 83, Calendar No. 43,564.) Decided October 13, 1947.

(506)

Dorothy Jackson was convicted of maintaining a house of ill-fame. Affirmed.

*Fred Sauer (James B. Stanley,* of counsel), for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *W. Wallace Kent,* Prosecuting Attorney, for the people.

Bushnell, J. Defendant Dorothy Jackson was informed against on March 30, 1946, for maintaining a house of ill-fame. When arraigned on April 13th, she stood mute and a plea of not guilty was entered.

At the trial on April 15th, before the jury was impaneled, defendant's attorney advised the court that after the information was handed him on the 13th he found that Cora Bigelow, who was indorsed thereon as a witness, was not a certain Cora Jones. Claiming that both Cora Jones and Martha Williams, who rented rooms from the defendant, were material witnesses, he moved the court to order their names indorsed on the information. The discussion between court and counsel developed the fact that neither of these witnesses was produced at the examination. Counsel told the court that, because of the necessity of investigating the identity of the witness, this was the first opportunity he had to ask that Cora Jones be indorsed on the information as a witness for the people.

The court called attention to the fact that the examination was held in the justice court on February 18th, the return of the justice had been filed on the 24th, and the information was filed on March 30th. Consequently, the names of the people's

witnesses had been available to defendant and her counsel since March 30th. After an extended colloquy the court declined to require the prosecutor to indorse the names of the two persons on the information.

At the close of the people's case defendant moved to dismiss the complaint and warrant, which motion was denied. Sufficient testimony was introduced by the people to support the allegations of the information, and the trial judge properly denied the motion.

Defendant testified in her own behalf that she had lived on the premises for four years and that she had rented separate rooms to Cora Jones and Martha Williams, for which they paid her by the week. She testified that on the night in question she went to Battle Creek, leaving Cora Jones and Martha Williams in her apartment. She could not remember what time she returned because she had been drinking. After undressing, she put on her robe and went to sleep on a studio couch in the living room and was awakened by the police officers, who arrested her. She disclaimed renting the rooms for immoral purposes. After a jury verdict of guilty, defendant was sentenced.

Defendant was granted leave to appeal and argues that the failure of the prosecutor to call Cora Jones and Martha Williams, alleged prostitutes and material witnesses, constituted an infringement of her rights under article 6 of amendments to the Constitution of the United States and article 2, § 19 of the Michigan Constitution (1908). She also insists that the refusal of the trial judge to require the prosecutor to indorse the names of these material witnesses on the information is reversible error under the provisions of 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980).

This statute requires that the prosecuting attorney indorse on the information the names of the wit-

nesses known to him at the time of filing the same, and that "names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

The Court said in *People* v. *Blue,* 255 Mich. 675, 678:

"The indorsement of names after filing is wholly within the discretion of the court. The discretion, of course, is judicial, not personal, must be exercised with due regard to protection of the right of an accused to prepare his defense and be accorded a fair trial, and is to be reviewed upon the showing made and in view of the circumstances."

In *People* v. *Kynerd,* 314 Mich. 107, the names of certain persons claimed to be *res gestae* witnesses were not indorsed on the information. At the trial held a month and 10 days later defendant moved that the prosecutor be required to produce these witnesses. Defendant knew their names but remained silent from the date of filing the information until the trial. It was held, under the circumstances, that the trial judge did not abuse his discretion in declining to order the indorsement of their names and their production by the prosecutor as witnesses. The facts in the instant case are sufficiently analogous to be controlled by decision in the *Kynerd Case.*

Furthermore, from our "examination of the entire cause" it does not "affirmatively appear that the error complained of has resulted in a miscarriage of justice." 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).

The conviction and sentence are affirmed.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.