PEOPLE *v.* HODGES

1. INDICTMENT AND INFORMATION—WITNESSES—INDORSEMENT—LATE
   INDORSEMENT—DISCRETION. `
   Permitting the late indorsement of witnesses is in the trial
   court's discretion; the trial court's decision will be reversed
   only if there is an abuse of discretion.

2. INDICTMENT AND INFORMATION—WITNESSES—LATE INDORSEMENT
   —DISCRETION.
   Permitting the people to indorse two witnesses two days before
   trial and one witness the day of trial was not an abuse of
   discretion where none of the late-indorsed witnesses were *res
   gestae* witnesses, the defendant failed to ask for a continuance
   and refused to take an adjournment offered by the trial court,
   and the defendant failed to show any prejudice.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 May 10, 1971, at Lansing. (Docket No. 9489.) Decided May 25, 1971. Leave to appeal denied, 387 Mich 759.

John Edward Hodges was convicted of breaking and entering with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

*William E. Bolle* and *Alan W. Stevenson,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. This is an appeal as of right from a jury conviction on a charge of breaking and entering with intent to commit larceny.[1]

After a two-day trial, defendant was found guilty and sentenced to serve from 7-1/2 to 15 years in prison. Defendant appeals this conviction contending that it was reversible error for the trial court to permit the prosecuting attorney to indorse additional witnesses just prior to the trial. Two of the late-indorsed witnesses were added two days before trial. The third witness was indorsed the day of the trial. Defendant objected to all three of the late indorsements. The people set forth no reason for the delay in the indorsements.

Generally, the permitting of late indorsement is within the discretion of the trial court and can be reversed only if there is an abuse of discretion. The burden to show the abuse is ordinarily upon the party asserting it. *People* v. *Blue* (1931), 255 Mich 675; *People* v. *McCrea* (1942), 303 Mich 213.

It is difficult to maintain the position that the late indorsements in the instant case were prejudicial to appellant. None of the late-indorsed witnesses were *res gestae* witnesses. Additionally, the failure of appellant to ask for a continuance, or to take an adjournment as offered by the trial court, although not a strict requirement, tends to negate the argument that the late indorsement was prejudicial to appellant's case. *People* v. *Lee* (1943), 307 Mich 743.

---

[1] MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

The appellant says the late indorsements were prejudicial but advances no reasons or fact indicating that they were so. In light of this failure to show prejudice to defendant, and the strengths of the other, uncontested proofs, the ruling by the trial court was not an abuse of discretion so as to constitute reversible error. *People* v. *Rowls* (1970), 28 Mich App 190.

Affirmed.