PEOPLE v JOHNSON

1. CRIMINAL LAW—WALKER HEARING—CONFESSIONS—VOLUNTARINESS
   —APPEAL AND ERROR.

   The sole purpose of a *Walker* hearing is to determine the volun-
   tariness of a defendant's statements, and a reviewing court is
   concerned only with the correctness of that determination.

2. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR—CONFESSIONS—
   WALKER HEARING.

   An appellate court, when reviewing a trial court's failure after a
   *Walker* hearing to suppress evidence of a defendant's state-
   ments, must make an independent determination of the ulti-
   mate issue of voluntariness; the trial court will be upheld
   unless after such a review the appellate court possesses a
   definite and firm conviction that a mistake was committed by
   the trial judge.

3. CRIMINAL LAW—EVIDENCE—EXCULPATORY STATEMENTS—VOLUN-
   TARINESS.

   The exculpatory nature of a defendant's statement, given to a
   police officer, lends credence to its voluntariness.

4. WITNESSES—CRIMINAL LAW—LATE INDORSEMENT—JUDGES—DISCRE-
   TION.

   A trial court in a criminal case has the discretionary authority to
   permit the late indorsement of witnesses.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—DUTY OF
   PROSECUTOR.

   A prosecutor must indorse and produce all known res gestae
   witnesses.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[3] 29 Am Jur 2d, Criminal Law §§ 611-614, 640, 644.
[4, 7] 21 Am Jur 2d, Criminal Law §§ 345, 347, 348.
[5] 29 Am Jur 2d, Evidence §§ 708, 713.
[6] 29 Am Jur 2d, Evidence §§ 718, 736.
[8] 29 Am Jur 2d, Evidence §§ 723, 724.

6. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—DUTY OF PROSECUTOR—GROSS NEGLIGENCE—VOLUNTARY SUPPRESSION.

A prosecutor's failure to indorse and produce certain res gestae witnesses, in a case in which there was considerable confusion as to the possibility of unindorsed res gestae witnesses, does not require dismissal of charges against a defendant where the activities of the prosecutor did not involve either gross negligence or voluntary suppression.

7. CRIMINAL LAW—APPEAL AND ERROR—WITNESSES—RES GESTAE WITNESSES—PROSECUTOR'S DUTY—JUDGES—DISCRETION—BURDEN OF PROOF.

A trial court's determination that the activities of a prosecutor with regard to indorsement of res gestae witnesses did not require dismissal of the charges against a defendant, will not be reversed unless the trial court abused its discretion; the burden of proof is ordinarily on the party asserting the abuse.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—RES GESTAE WITNESSES—EYEWITNESSES—FAILURE TO PRODUCE.

A trial judge may instruct the jury that if the prosecutor was shown not to have produced all eyewitnesses, the jury could infer that their testimony would have been unfavorable to the prosecution.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted October 10, 1975, at Grand Rapids. (Docket No. 21745.) Decided October 28, 1975.

Van Ray Johnson was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *E. Frederick Davison,* Assistant Prosecuting Attorney, for the people.

*Brignall, DeVries & Lamb, P. C.,* for defendant.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and DENEWETH,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

R. B. Burns, J. Van Ray Johnson was convicted in November, 1972, of larceny in a building. MCLA 750.360; MSA 28.592. He appealed, and the Court of Appeals reversed. Defendant Johnson was retried in June, 1974, and convicted by a jury. We affirm.

The offense involved defendant's removal of a stereo unit from Bursma Radio Supply in Kalamazoo, Michigan. A statement allegedly made by defendant after his arrest to an Officer Dolfman was held admissible, as voluntary, at a *Walker*[1] hearing. Essentially, this statement expresses defendant's contention that he thought that the subject stereo had just been bought by a friend, Leo Durden, who was in the store and who requested defendant's assistance in carrying his purchases to his car. As testified to at trial by Officer Dolfman:

"Mr. Johnson told me he was at the store and he took a stereo or tuner out for a friend of his who told him to remove it, put it in the car as his friend had bought it, and he started to take it out of the store and somebody yelled at him, he got scared and then he started running."

In the testimony of Leo Durden:

"I didn't point exactly, didn't tell him, just made a gesture, and he picked up the wrong thing, and I heard somebody say, 'Hey, hey,' and I turned around and looked and Mr. Johnson came running out of the store and I hollered, 'Say, man, what's happening?' And I seen he had picked up the wrong thing."

Defendant did not testify in his own behalf. The jury apparently rejected the theory that defend-

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

ant's removal of the stereo was inadvertent. His appeal contains six allegations of procedural error.

Defendant renews on appeal his contention that the trial court committed reversible error by not suppressing at the *Walker* hearing defendant's alleged statement to Officer Dolfman. The proper standard for our review is clearly stated in *People v McGillen* #1, 392 Mich 251, 257; 220 NW2d 677, 679 (1974):

"As this Court stated in *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972), 'the sole purpose of the *Walker* hearing is to determine the fact of voluntariness and a reviewing court is concerned only with the correctness of that determination. * * * "On this appeal we are required to 'examine the whole record and make an independent determination of the ultimate issue of voluntariness.' " '

"If after such a review we do not possess a definite and firm conviction that a mistake was committed by the trial judge in his ruling, we will affirm that ruling. *People v Hummel,* 19 Mich App 266; 172 NW2d 550 (1969)."

We cannot entertain such a "definite and firm conviction" in this instance. We note defendant's statement at the *Walker* hearing that "we just started rapping", and concur with the trial judge's observation that the exculpatory nature of the statement lends credence to its voluntariness. The decision not to suppress is not reversible error.

Defendant further alleges a denial of due process and of a fair trial by the prosecutor's failure to endorse and produce certain res gestae witnesses. The allegation gains a certain viability by some seemingly imprecise police work in this case.

Among the initial investigating officers on the scene after defendant's arrest were an Officer Glover and an Officer Cantu. Officer Glover made

notations as to the identities of all of those who professed their presence in Bursma Radio Supply during the incident. Officer Glover then informed an Officer Brigman of these identities, and the latter officer continued the investigation. Officer Glover subsequently threw his notes away. The follow-up investigation of the case was conducted by Officer Dolfman, who apparently communicated with neither Officer Glover nor Officer Brigman.

These facts were revealed at an evidentiary hearing undertaken during the course of trial initiated by defendant's motion to dismiss for failure to endorse. Prior testimony had revealed significant confusion as to the possible presence of unendorsed customers in the store at the time of the incident. Employee Trover testified as to his recollection that there was a couple standing at the counter, and that there was a lone black man in the vicinity of defendant. Officer Brigman could not remember talking to any customers. Employee Murray testified at one point that there were "one or two" customers at the counter, but later qualified this testimony in stating that "I *vaguely* remember about two people in the store *before* I was attracted by the shout". At the end of this evidentiary hearing the trial judge exercised his discretionary authority to permit the late endorsement of witnesses, *People v Blue,* 255 Mich 675; 239 NW 361 (1931), *People v Hodges,* 34 Mich App 90; 190 NW2d 703 (1971), and Officers Glover and Cantu and Leo Durden (the other man observed by Mr. Trover) were endorsed.

It is settled that the prosecutor must endorse and produce all known res gestae witnesses. MCLA 767.40; MSA 28.980, *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). In denying the motion to dismiss, the trial court concluded in

its discretion that the prosecution's endorsement activities did not involve either gross negligence or voluntary suppression, and thus did not require dismissal. We will only reverse when this determination classifies as an abuse of the trial court's discretion, "with the burden ordinarily on the party asserting the abuse". *People v Lakin,* 30 Mich App 441, 444; 186 NW2d 867, 868 (1971).

Recalling that the primary purpose of the endorsement statute is to protect against selective investigation, *People v Raider,* 256 Mich 131; 239 NW 387 (1931), we cannot hold that this regrettably confused investigation is sufficiently infirm as to require our reversal of the trial judge's determination. We further note the judge's cautionary instruction to the jury that if the prosecutor was shown not to have produced all eyewitnesses, the jury could infer that their testimony would have been unfavorable to the prosecution. We affirm as to the issue of endorsement.

We have thoroughly reviewed defendant's four other assignments of error and find them to be without merit. The decision is affirmed.