PEOPLE v WILSON

Docket No. 57548. Decided July 8, 1976. Rehearing denied 397 Mich
    962.
    Roy Wilson was convicted by a jury in Recorder's Court of
    Detroit, Joseph A. Gillis, J., of rape. The Court of Appeals, V. J.
    Brennan, P. J., and D. E. Holbrook, Jr., J. (O'Hara, J., concur-
    ring in result), affirmed (Docket No. 20284). The defendant
    applies for leave to appeal. *Held:*
    Denial of a reasonable continuance to allow the defendant in
    a trial for rape to prepare to meet an unexpected indorsement
    of two police chemists as expert witnesses on the date set for
    trial was an abuse of discretion where defense counsel could
    not evaluate the experts' testimony for cross-examination with-
    out adequate technical preparation and was surprised by the
    motion for indorsement, the defendant was not negligent in his
    preparation for trial, the defendant had not caused previous
    adjournments, and the defendant adequately demonstrated
    prejudice resulting from the denial.
    Reversed and remanded for new trial.
    Justice Levin concurred, but observed that the Court prop-
    erly does not require a demonstration of prejudice, and reverses
    because there is reason to believe that the defendant may have
    been prejudiced.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Patricia J. Boyle,*
Principal Attorney, Research, Training & Appeals,
and *Samuel C. Damren,* Assistant Prosecuting
Attorney, for the people.

*Stone, Richardson, Grier, Allen, Glenn & John-
son, P. C.* (by *Bennie L. Grier)* for defendant.

RYAN, J. Defendant applies for leave to appeal
his rape conviction which was affirmed by the
Court of Appeals. We reverse and remand for a
new trial pursuant to GCR 1963, 853.2(4).

The sole issue raised on appeal is whether the trial court abused its discretion in granting the prosecutor's trial day motion to indorse two police chemists as witnesses and in refusing to allow the defendant a continuance in order to prepare to cross-examine them.

Defense counsel made timely objection to the motion to indorse, claimed surprise, and alleged that the indorsement would prejudice his case. He also made a timely request for a continuance in order to either depose one of the chemists or to review her report. The motion was denied apparently because the trial judge was under the impression that defense counsel had adequate opportunity to prepare for the chemist's testimony.[1]

---

[1] The following colloquy transpired on the day of trial:

*The Court:* Case of the People versus Roy Wilson * * * .

You may proceed.

*Mr. La Bret:* We have two motions, your Honor.

*The Court:* All right. Mr. Wilson is here.

*Mr. La Bret:* We have two motions. One, we want to endorse Mary Jarrett. This is a witness we did not know about.

*The Court:* What is she going to testify?

*Mr. La Bret:* She will testify that the panties taken from the victim contained sperm.

*The Court:* All right.

*Mr. Vatsis:* Who is she?

*Mr. La Bret:* She is the chemist.

*Mr. Vatsis:* From where?

*Mr. La Bret:* Here.

*The Court:* Detroit Police Department hematologist. She is a specialist. She has had courses with the FBI. She has taught courses at Scotland Yard. She is a well qualified expert.

*Mr. Vatsis:* Judge, I think it's elementary that that is not allowable at this late stage of the proceedings, specially considering the trial has already commenced.

This matter has been pending since approximately October 12th or 13th.

There has been no indication of any endorsement of this witness.

The reason we would be prejudiced, your Honor, if that witness was endorsed right now would be for the simple reason that we would have had a right to have discovery proceedings and have some investigation as to what this witness would have testified to had we known previous to today.

This puts us in a very, very awkward position to have this witness

The Court of Appeals based affirmance on the ground that defense counsel had been given an opportunity to review the chemist's report 60 days prior to trial.[2]

The record indicates that the trial court entered a discovery order on November 20, 1973 (date of

endorsed without us having had the right to ascertain what her testimony would have been and how to prepare an adequate defense to her testimony.

It's very prejudicial at this late stage.

*The Court:* No. Now, you got an order of discovery.

*Mr. Vatsis:* That's right, but that did not contain any matters dealing with the panties or stains on the panties.

*The Court:* Do you want to read the order?

*Mr. Vatsis:* Your Honor, I have not been shown any such report.

*Mr. La Bret:* You have never asked for them.

*Mr. Vatsis:* That is not true, your Honor. I talked to Mr. La Bret on several occasions.

*Mr. La Bret:* I said to go over and get them.

*Mr. Vatsis:* I asked him to produce any evidence to be used in this case.

He did not produce any reports this witness would testify to.

That would be in direct violation of the Court.

*The Court:* I gave you authority on November 20th to go look at these documents.

November 20th, December 20th, January. You have had 60 days to go over and do it.

*Mr. Vatsis:* I went over with Mrs. Martini. She did not show me any such reports. That was approximately two or three weeks ago. She showed me no such reports.

I would be prejudiced at this late stage of the game to have that witness endorsed.

I also talked with Mr. La Bret in your office three or four weeks ago, and he showed me no such reports.

I would be totally prejudiced, and that would be totally prejudicial to my client.

This is totally a surprise.

Their case has been totally unprepared, your Honor. They have been totally derelict and negligent in preparation of their case.

They have had four or five adjournments.

They have had more than adequate time to endorse any witnesses in this case.

*The Court:* I will grant the prosecution's motion to endorse the witness.

[2] Unpublished per curiam, (Docket No. 20284, March 27, 1975) V. J. BRENNAN, P. J., and D. E. HOLBROOK, Jr., J. (O'Hara, J., concurring in result).

trial was January 31, 1974), but that when defense counsel examined the police file two or three weeks before trial, it contained no chemist's reports, nor any indication of their intended use in the case. Further, defense counsel's request to the prosecutor "to produce any evidence to be used in the case" failed to evoke any information from the prosecutor regarding the proposed use of the chemist's testimony at trial.

In his argument to the trial court and in his brief in opposition to the application for leave to appeal, the prosecutor disputes defendant's claimed lack of opportunity to review the chemist's report 60 days prior to trial, implying that the chemist's report was available to defense counsel well before trial. However, at trial, the prosecutor premised his motion to indorse on the assertion that the prosecution itself did not know about the chemist-witness.

We find that the prosecutor's assertion of essentially contradictory positions lends credence to the defendant's claim of surprise. If the prosecutor's witness was available to defendant for discovery well before trial, as the trial court and the Court of Appeals assumed, then the prosecutor should have been able to so inform defense counsel in response to his request, and to indorse that witness before the date of trial. On the other hand, if, as the prosecutor represented to the trial court in his motion to indorse, the witness was one that "we [the People] did not know about," defense counsel must have been equally surprised.

It is well settled that the propriety of granting trial day indorsement of witnesses rests in the sound discretion of the trial court. MCLA 767.40; MSA 28.980, *People v Davis,* 343 Mich 348, 361; 72 NW2d 269 (1955); *People v Blue,* 255 Mich 675,

678; 239 NW 361 (1931). A motion for continuance also addresses itself to trial court discretion. *People v Davis, supra; People v Blue, supra.*

The precedential meaning of judicial discretion and abuse of discretion appear in *Spalding v Spalding*, 355 Mich 382; 94 NW2d 810 (1959), a divorce action in which the Court evaluated the record to see if the chancellor had abused his discretion. We formulated the following rule:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." 355 Mich at 384–385; 94 NW2d at 811–812.

We explained the *Spalding* test in the criminal case context in *People v Charles O Williams*, 386 Mich 565; 194 NW2d 337 (1972). In that case, we reversed a conviction because the trial court refused to grant defendant's counsel's motion to withdraw made on the day of trial, and also refused to grant a continuance. The matter had been adjourned four times previously, and the defendant and his lawyer reached an impasse on whether to call some of defendant's witnesses. After quoting the language in *Spalding*, we stated:

"While the rule laid down in *Spalding* is generally the correct rule to apply, a somewhat stricter standard

should be observed in criminal cases where loss of freedom by incarceration is often the penalty that a convicted defendant will suffer." 386 Mich at 573; 194 NW2d at 340.

After reviewing some of the Federal authorities dealing with the court's discretion to grant continuances, we concluded:

"[T]he desire of the trial courts to expedite court dockets is not a sufficient reason to deny an otherwise proper request for a continuance." 386 Mich at 577; 194 NW2d at 342.

In reversing the trial court, we enumerated four factors we considered important in finding that the trial court had abused its discretion in that case in not granting defendant a continuance: 1) the defendant was asserting a constitutional right; 2) he had a legitimate reason for asserting the right; 3) he was not guilty of negligence; 4) prior adjournments of trial were not at the defendant's behest. To these four points we add the traditional requirement that defendant on appeal must demonstrate prejudice resulting from the trial court's abuse of discretion. MCLA 769.26; MSA 28.1096.[3]

These five factors, while not the *sine qua non* to a determination of abuse of judicial discretion, are useful criteria in this case. First, in the case at bar, we believe that the defendant's request for a continuance encompassed the right to due process

---

[3] MCLA 769.26; MSA 28.1096 provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

guaranteed by the state and Federal constitutions.[4] Defendant alleges in his application and brief for leave that, because the witness in question was an expert, the evidence she offered was not the sort that could be evaluated without adequate technical preparation. Defendant asserts that research into the chemist's area of specialty was necessary to prepare for intelligent cross-examination. We believe that the trial court's denial of defendant's timely request for a continuance so that counsel could prepare himself in an area in which he was understandably unfamiliar, effectively deprived defendant of the fundamental fairness to which he is entitled under the Due Process Clauses of the state and Federal constitutions.

Second, it is evident that the defendant had a legitimate reason for requesting the adjournment. The prosecutor's motion to indorse the two witnesses surprised defense counsel. After the court granted the motion to indorse over his objection, he made a *bona fide* request for time to prepare for the unexpected development in the trial.

Third, we believe, after reviewing the record, that defendant was not guilty of negligence. If we accept the prosecutor's assertion at trial that he did not know about the witness, we could not expect defendant to be aware of her existence. If the prosecutor anticipated using the chemist, he failed to inform defense counsel of that fact or of his intention to move for her indorsement on the day of trial. The prosecutor failed to produce the report of her tests after a discovery order had been

---

[4] US Const, Am XIV, § 1 provides in part:

"No State shall * * * deprive any person of life, liberty, or property, without due process of law."

Const 1963, art 1, § 17 provides in part:

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law."

entered, even when asked by defense counsel for all evidence to be used in the case. We conclude, therefore, that defendant was not guilty of negligence in this case.

Fourth, there is no evidence in the record that the defendant caused the trial to be adjourned several times before.

Finally, the defendant has adequately demonstrated prejudice. Although the primary defense to the rape charge in this case was consent, the defendant might have lost a possible defense (i.e., no intercourse occurred) by his alleged inability to adequately cross-examine the chemist.

We conclude that, on the facts of this case, the trial court was in error not because it granted trial day indorsement, but because in granting the indorsement it did not grant a reasonable continuance to defendant in order to prepare to meet the unexpected development in the trial.

Reversed and remanded for new trial.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred with RYAN, J.

LEVIN, J. (concurring). The Court properly does not require that defendant demonstrate prejudice, and reverses his conviction because there is reason to believe that he may have been prejudiced.