PEOPLE v STRIETER

Opinion of the Court

1. Evidence—Admission of Evidence—Military Records—Founda-
   tion—Impeachment Evidence—Homosexuals—Appeal and
   Error.

   The admission into evidence of a defendant's military record
   which showed a dishonorable discharge was not reversible error
   where a proper foundation for its admission was established
   and the record was not introduced to show that the defendant
   had received a dishonorable discharge, but rather to impeach
   and contradict the defendant's statement that he was not a
   homosexual.

2. Criminal Law—Evidence—Surprise—Military Records—Im-
   peachment—Homosexuals.

   The defense was not surprised by the prosecution's introduction
   into evidence of a defendant's military record which showed a
   dishonorable discharge where the defense was well aware of
   the attempt to impeach the defendant's testimony as to his
   homosexuality and was aware of the information contained in
   the military record, and where the trial record indicates that
   the prosecution had made an earlier attempt to introduce the
   military record into evidence.

3. Continuance—Motions—Subpoenas—Discretion—Abuse of Dis-
   cretion—Appeal and Error.

   The granting or denial of motions for continuance and additional
   subpoenas rests within the sound discretion of the trial judge; a
   clear showing that the trial judge abused his discretion in this
   regard is necessary before the Court of Appeals will interfere.

References for Points in Headnotes

[1, 2] 29 Am Jur 2d, Evidence § 351.
  81 Am Jur 2d, Witnesses § 518.
  Admissibility and effects of evidence or comment on party's mili-
    tary service or lack thereof. 9 ALR2d 606.
[3] 17 Am Jur 2d, Continuance §§ 3, 4.
[4] 29 Am Jur 2d, Evidence §§ 260, 611, 616.

DISSENT BY M. F. CAVANAGH, J.

4. CRIMINAL LAW—EVIDENCE—MANSLAUGHTER—ADMISSIONS—HOMO-
    SEXUALS—PREJUDICIAL IMPACT.
    *The admission into evidence of a report of defendant's prior
    admissions of homosexual conduct with third persons was
    reversible error in a defendant's trial for killing a man in
    which trial the defendant claimed that the homicide occurred
    while the defendant was trying to escape from the decedent's
    homosexual advances because while the admission might have
    had some slight, logical relevance to show that the defendant
    was not afraid of the decedent's advances, the prejudicial
    impact of this evidence far outweighed its probative value.*

Appeal from Ingham, Jack Warren, J. Submitted June 8, 1976, at Lansing. (Docket No. 20713.) Decided December 10, 1976.

Ricky L. Strieter was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lee W. Atkinson,* Chief Appellate Attorney, for the people.

*Reid & Reid, P. C.,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH, and D. T. ANDERSON,* JJ.

BASHARA, P. J. Defendant was convicted of manslaughter, MCLA 750.321; MSA 28.553, by a jury and appeals.

It was unrebutted at trial that defendant and two others went to the victim's home for the purpose of robbing him. The defendant knew the victim and gained entry to his house. Defendant claimed that the victim, who was a known homo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sexual, attempted to sexually attack him and touch his private parts. The defendant testified that he hit the victim several times with a pool cue to make good an escape.

The prosecution sought to show that defendant was not one who would be fearful or affronted by this type of sexual approach. He was asked if he was a homosexual. When defendant responded negatively, the prosecution sought to impeach his testimony showing that he had made statements depicting his homosexual activities for the purpose of requesting a military discharge. Defense counsel objected to reference to the statements or the military discharge.

It is defendant's contention that any reference to a military discharge is reversible error. In the alternative, he argues that even if related statements are admissible, they were improperly admitted in the instant case because counsel failed to lay a proper foundation for them.

The following colloquy occurred during cross-examination of defendant by the prosecutor:

"*Q. [Mr. Wilson, prosecutor]* Now, isn't it true, Mr. Strieter, that you, yourself, are a homosexual?

"*A.* No, sir, that's not true.

"*Q.* That is not true?

"*A.* I am not, no, sir.

"*Q.* And you say this under oath?

"*A.* I say it under oath, yes, sir.

"*Q.* Mr. Strieter, did you ever serve in the military service?

"*A.* Yes, sir, I did.

\* \* \*

"*Q. (By Mr. Wilson, continuing)* Now, isn't it true, Mr. Strieter, that—Well, let me ask you this: You indicated that you were in the military service?

"*A.* Yes, sir, I was.

"*Q.* What branch were you in, sir?

"*A.* The Marine Corps.

"*Q.* During what period of time?

"*A.* I believe it was from 1969 or 1970 to 1971.

"*Q.* 1970 to 1971?

"*A.* I believe it was around there, I don't know exactly.

"*Q.* Let me ask you this Mr. Strieter: Isn't it true that you entered the service on the 28th day of May, 1971?

"*A.* I—I don't recall exactly when I went in.

"*Q.* Now, Mr. Strieter, isn't it true that you requested to be discharged from the United States Marines because of your homosexual activities.

"*A.* No, sir, it's not.

"*Q.* It is not true?

"*A.* That is not true.

"*Mr. Wilson:* I'd ask that this be marked as People's exhibit number 31.

"(Whereupon, a document handed to the Court Reporter was marked for identification as People's proposed exhibit number 31.)

"*Q. (By Mr. Wilson, continuing)* Now, Mr. Strieter, I ask you to examine what has been marked as People's exhibit number 30[sic], and I ask you if this is not your signature?

"*A.* I believe it is, yes, sir.

"*Q.* All right. I ask you to examine the handwriting appearing here. Is that your handwriting?

"*A.* I couldn't say for sure if it is or not.

"*Q.* Are those your initials?

"*A.* Yes, sir, they are.

"*Q.* Do you see your initials more than one place on that page?

"*A. Yes, sir, I do."*

Based on the foregoing testimony we are convinced that the prosecution laid a proper foundation for introducing the statements made and the military discharge record.

It is also clear that the military record was not

introduced to show defendant had received a dishonorable discharge, but rather to impeach and contradict the defendant's statement that he was not a homosexual. We perceive no reversible error in the admission of the document for this purpose. *People v Hill,* 236 Mich 672; 211 NW39 (1926), see also *People v Mitchell,* 44 Mich App 679; 205 NW2d 876 (1973), *lv granted* 395 Mich 752 (1975).

When the defendant's military discharge and attending statements were admitted, he sought a continuance for the purpose of preparing a defense to that issue. He also sought a subpoena to produce additional witnesses. Both requests were denied. Defendant contends the trial judge's rulings were a denial of due process of law and reversible error. We do not agree.

The record also indicates that the prosecution had earlier attempted to introduce the military records into evidence. However, the trial judge refused to allow them in because of a question regarding the validity of the defendant's signature.

Thus, the defense was well aware of the attempt to impeach the defendant's testimony as to his homosexuality. He was also cognizant of the document the people possessed and the statements contained therein. The defense was not surprised. Compare *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976).

The granting or denial of the motions for continuance and additional subpoenas rests within the sound discretion of the trial judge. It will not be interfered with on appeal unless there is a clear showing that he abused that discretion. *People v Knox,* 364 Mich 620; 111 NW2d 828 (1961), *People v Bruinsma,* 34 Mich App 167; 191 NW2d 108 (1971). We conclude, on the facts of this case, that no abuse of discretion occurred.

Affirmed.

D. T. ANDERSON, J., concurred.

M. F. CAVANAGH, J. *(dissenting)*. I respectfully dissent from the majority's holding that evidence of the defendant's prior homosexual conduct was admissible to impeach his testimony.

While prior admissions of homosexual conduct may have some, albeit slight, logical relevance to show that defendant Strieter was not afraid of the decedent's sexual advances, the prejudicial impact of this evidence far outweighs its probative value. The prior statements referred to conduct with unrelated third parties, years before the defendant's confrontation with the deceased. The circumstances of the prior admissions cast doubt on their truthfulness; moreover, had defense counsel been allowed an adjournment, the trial court would have had to admit a sideshow of testimony from defense witnesses to explain the defendant's motivation in making these "material" statements. The prejudicial impact arises from two sources. The evidence may have convinced the jury that the defendant should be punished for admitted prior felonious conduct. It also introduced an undeniably inflammatory issue into the case.

Judge BRONSON persuasively analyzed this issue in *People v Mitchell,* 44 Mich App 679; 205 NW2d 876 (1973), *lv granted,* 395 Mich 752 (1975):

"Similar to rape cases involving the issue of consent, evidence of homosexual conduct with third persons is not sufficiently reliable to counterbalance its prejudicial effect. The same conclusion is reached by a comparison with homicide and assault cases excluding acts of violence upon third persons. Since the alleged conduct between defendant and his cellmate is an indictable offense, the admission of separate offenses for which

defendant has not been tried, even though similar, causes me grave concern." *People v Mitchell,* 44 Mich App 679, 692; 205 NW2d 876, 882 (1973) (dissenting opinion of Bronson, J.). (Footnotes omitted.)

In *Mitchell,* the testimony at least was direct and came from a third-person participant. Here, the degree of evidence allowed by the trial court was even a further step removed, it being a document containing statements allegedly made by defendant to third parties. Admission of this evidence was prejudicial error, and I would reverse.