PEOPLE v VINSTON

Docket No. 54549. Submitted July 13, 1982, at Lansing.—Decided
October 18, 1982.

Defendant, James Polk Vinston, was charged with assault with
intent to commit great bodily harm less than murder and was
convicted of felonious assault. He was subsequently convicted,
on his plea of guilty, of being a habitual offender. Defendant's
plea specifically preserved for appeal his claim of double jeop-
ardy due to the fact that the jury which convicted him was
dismissed prior to his plea to the supplemental information,
Washtenaw Circuit Court, Edward D. Deake, J. Defendant
appealed. *Held:*

1. Defendant claimed that the gun used in the alleged crime
discharged accidentally. The trial court did not err in allowing
a police officer to testify to having tested the gun and having
been unsuccessful at getting the gun to go off accidentally.

2. The Double Jeopardy Clause does not prohibit action upon
a supplemental information after the jury which convicted the
accused on the principal charge is dismissed.

Affirmed.

CYNAR, J., concurred in result only.

CRIMINAL LAW — HABITUAL CRIMINALS — DOUBLE JEOPARDY.

The Double Jeopardy Clause does not prohibit action upon a
supplemental information after the jury which convicted the
accused on the principal charge is dismissed.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William F. Delhey,* Pros-
ecuting Attorney, and *James S. Sexsmith,* Assis-
tant Prosecuting Attorney, for the people.

*James H. Warner,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 278.

Before: ALLEN, P.J., and CYNAR and R. B. MAR-TIN,* JJ.

R. B. MARTIN, J. The defendant was charged with an assault with intent to commit great bodily harm less than murder. MCL 750.84; MSA 28.279. On April 22, 1980, he was convicted by a jury of felonious assault. MCL 750.82; MSA 28.277. The trial was hotly contested, and there seems to be more than the usual wrangling over matters not always material to the discovery of whether or not the charge placed against the defendant was true. We will not comment on the bickering of counsel but believe several of defendant's points on appeal should be noted. Others need no comment.

The people claim the defendant had purposefully shot Michael Brooks with a shotgun. During the trial, a witness called by the prosecution, Ahmad Haywood, testified he could identify the gun as his brother's. He had seen the defendant load it, and it had gone off as soon as it was closed. It was the claim of this witness and the defendant that the gun went off accidentally and it was prone to do so.

Apparently after this testimony, one of the city police officers tested the gun without the defendant's attorney being present, although the attorney had a pretrial discovery order which would have permitted it. The officer testified he had taken shells from which the powder and shot had been removed, placed the shells in the breach, closed the breach, and then unsuccessfully attempted to make it go off accidentally. The deputy's expertise was brought out. The defendant made a series of objections to this witness's testimony. We find no error in the testimony. This is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the kind of expertise requiring very little educational background. The defendant's request for two or three weeks adjournment in order to meet the testimony was not reasonable under the circumstances of the case. *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976). Since this was his defense he could have had his experts prepared long before trial.

The defendant's principal contention seems to be that the jury which tried him on the principal charge was discharged before he, the defendant, pled guilty to the supplemental information, reserving however the right to raise the present issue.

The record shows Judge Deake heard the trial but for some reason was absent at the time the jury came in with the verdict. Circuit Judge Ager, without objection from anyone, received the verdict. He released the jury thereafter, again without objection. We would hazard a guess he knew nothing relative to the supplemental information, and the prosecuting attorney may have forgotten it. Certainly, the defendant had no desire to remind anyone of its existence.

On June 5, 1980, the defendant was sentenced to prison for two years and eight months to four years.

On August 28, 1980, the defendant pled guilty to the habitual criminal charge reserving, as we have stated, his claim that the jury which tried him on the principal charge was improperly dismissed.

On September 4, 1980, defendant was sentenced to three and one-half to five years as an habitual offender.

He now appeals on the basis of double jeopardy in that when the jury was sworn on the principal charge he was placed in jeopardy on the supple-

mental charge also and the dismissal of the jury before trial on the supplement releases him from jeopardy on the supplement.

This is the exact opposite of most claims we have relative to trials on supplemental informations. Most of the time, the defendants are claiming reversible error in requiring the jury hearing the principal charge to also hear the supplemental charge.

We are concerned with the fact that so much time elapsed between the original trial on April 22, 1980, and the plea to the supplemental information on August 28, 1980. In fact, at the time of the sentencing, on the first charge, June 5, 1980, why did not the court, the prosecuting attorney, the defendant's attorney, the probation department, or someone bring to everyone else's attention the lack of disposition on the supplemental information?

We look at some judicial precedents on the question of dismissing the jury before the supplemental information is resolved. *People v Walters,* 109 Mich App 734, 739, 740, 742; 311 NW2d 461 (1981), is one. After a jury convicted the defendant on the principal charge, the prosecutor immediately wanted to proceed against him as a third offender. Apparently, the information already had the supplemental charge on it, but the defendant had not yet been arraigned on the supplemental charge.

The majority of the Court found the filing several months before trial gave the defendant enough notice so failure to arraign before trial was not grounds for dismissing the supplemental charge. However, the Court did say:

"The habitual criminal hearing is a unitary proceed-

ing with the trial on the principal charge. Jeopardy attaches when the jury is impaneled in the trial on the principal charge. Habitual criminal charges are not considered separate crimes, 'but rather, for deterrent purposes, [are] intended to augment the punishment for second or subsequent felonies'. *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958). * * *

Although it is within the trial court's discretion whether or not a new jury will be impaneled to try the habitual criminal charge when the court believes that prejudice may result if the case is presented before the original jury panel, the court may not dismiss the original jury absent the defendant's request or consent. * * *

* * * Because the trials on the habitual charge and the principal charge are considered unitary proceedings, the trial court's dismissal of the jury must be considered as being mid-proceeding even though it occurred between the two hearings. Here, because the jury had been impaneled and jeopardy had attached, and because the action is treated as unitary with the trial on the principal offense, and because the jury was dismissed, *sua sponte,* by the trial judge without the defendant's request or consent, we find that to try the defendant before a different jury would violate his double jeopardy rights." *Walters, supra,* pp 739-740.

Judge MacKENZIE dissented and said:

"Trying defendant on the charge in the supplemental information does not constitute a repeated attempt at conviction of a defendant who has been factually acquitted of the charge. * * * In the case at bar, there was no ruling consisting of a resolution in defendant's favor of some or all of the factual elements of the offense charged. * * * Thus the Double Jeopardy Clause does not present a bar to arraignment and trial on the supplemental information." *Walters, supra,* p 742.

In *People v Thomas Johnson,* 94 Mich App 551; 288 NW2d 456 (1980), the defendant was convicted

of felonious assault by a jury and on the supplemental charge by the same jury. He claimed this violated his privilege against self-incrimination as he had testified in the basic trial and had been impeached by the prior conviction charged in the supplemental charge. The Court of Appeals held that the trial court had discretion to impanel a new jury, and the trial court had wished to do this but could not do so unless the defendant moved to dismiss the jury. The defendant refused to do this, so the court was correct in proceeding with the original jury. At pp 555-556, the Court said:

"Enhancement of punishment under MCL 760.10; MSA 28.1082, for habitual offenders is not a separate proceeding from the trial on the principal charge. * * * Jeopardy attached when the jury was initially impaneled and sworn. *People v Gardner,* 62 Mich 307; 29 NW 19 (1886); *People v Williams,* 85 Mich App 258; 271 NW2d 191 (1978). For the trial court to dismiss the jury on its own motion and impanel a new one without defendant's consent would have violated defendant's constitutional protection against double jeopardy."

In *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1981), the Court was following *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), in saying the law requires the prosecuting attorney to file the information "promptly" even if the statute indicates it can be done after trial or after sentencing. The Court did not directly discuss the double jeopardy issue raised in our case. We do note the fact situation. The defendant had been jury tried and convicted. On the first day of trial, before the jury was selected, the supplemental information was filed. Immediately after the conviction on the principal charge, the defendant was arraigned on the supplemental charge. A bench trial was had, and he was convicted. The defen-

dant appealed *in pro per.* The decision still does not mention the possibility of double jeopardy as a defense to the conviction on the supplemental charge.

The Court twice directly quoted from *Fountain* to the effect that:

"The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state convictions based on the 'rap sheet'." *Shelton, supra,* pp 568, 569.

While we courts can call it a unitary proceeding for one purpose, it is clearly recognized that a part of the proceedings need not even be alleged or commenced before a jury verdict on the basic charge and defendant can still be proceeded against in a separately tried action.

The issues on the principal charge and the issues on the supplemental information are relative to separate facts occurring at entirely different times. Judge MacKenzie's dissent in *Walters* states the better position in reference to our particular problem. Here, as there: "In the case at bar, there was no rule consisting of a resolution in defendant's favor of some or all of the factual elements of the crime charged * * *. Thus, the Double Jeopardy Clause does not present a bar to arraignment and trial on the supplemental information." *Walters* (MacKenzie, J., *dissenting), supra,* p 742.

Affirmed.

Cynar, J., concurs in result only.