PEOPLE v RADOFSKI

Docket No. 149363. Submitted March 11, 1993, at Lansing. Decided April 6, 1993, at 9:20 A.M. Leave to appeal sought.

Devin Radofski, charged in the Oakland Circuit Court with assault with intent to inflict great bodily harm less than murder and supplementally charged with being an habitual offender, third offense, was convicted by a jury of felonious assault. After the jury was discharged, the defendant moved for dismissal of the habitual offender charge, arguing that a trial by a different jury on that charge is barred by the Double Jeopardy Clause, Const 1963, art 1, § 15. The court, Robert L. Templin, J., granted the motion. The prosecution appealed.

The Court of Appeals *held:*

The Double Jeopardy Clause does not prohibit prosecution on an habitual offender charge after the jury that convicted the defendant of the underlying charge is dismissed where, as in this case, there has not been a resolution of the factual elements of the habitual offender charge.

Reversed.

CRIMINAL LAW — HABITUAL OFFENDERS — DOUBLE JEOPARDY.

Prosecution on an habitual offender charge after the dismissal of the jury that convicted the defendant of the underlying charge is not barred by the Double Jeopardy Clause where there has not been a resolution of the factual elements of the habitual offender charge (Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Mary M. Stiel,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offensers § 5.

See ALR Index under Double Jeopardy; Habitual Criminals and Subsequent Offenders.

*Kathryn L. Simmons,* for the defendant on appeal.

Before: BRENNAN, P.J., and HOOD and TAYLOR, JJ.

PER CURIAM. The prosecutor appeals from the trial court's dismissal of the supplemental information charging defendant with being a third-felony habitual offender, MCL 769.11; MSA 28.1083. We reverse.

Defendant was originally charged with assault with intent to inflict great bodily harm less than murder, MCL 750.84; MSA 28.279.[1] He was convicted by a jury of felonious assault, MCL 750.82; MSA 28.277. The trial court then discharged the jury without objection from either party.

Fifty-four days later, defendant filed a motion to dismiss the habitual offender supplemental information, arguing that trial of that charge by a different jury was barred on double jeopardy grounds. The trial court agreed. The prosecutor's motion for reconsideration was denied. Defendant was finally sentenced, three months after his original conviction, to a term of two to ten years.

We find that this case is covered by the reasoning of *People v Vinston,* 120 Mich App 422; 327 NW2d 495 (1982), with which we agree. In *Vinston,* as here, the jury was discharged without objection following trial on the principal charge. The defendant was sentenced about a month and a half later, again without mention of the still-pending habitual offender charge. The defendant pleaded guilty of the supplemental charge almost three months later, reserving the right to appeal the double jeopardy issue. This Court affirmed,

---

[1] Defendant appears to have struck his victim on the head with a baseball bat, which he was swinging aimlessly while in a blind drunken rage.

holding that there was no double jeopardy bar to trial of the habitual offender charge under those circumstances because there had been no factual resolution of its merits.

The *Vinston* panel relied on Judge MACKENZIE's dissent in *People v Walters,* 109 Mich App 734, 741; 311 NW2d 461 (1981), on the basis of which the *Walters* case was reversed and remanded by the Supreme Court, 412 Mich 879 (1981). In *Walters,* the habitual offender information was dismissed where the jury that convicted the defendant of the principal charge had been discharged before the defendant's arraignment on the supplemental information. Judge MACKENZIE disagreed with the majority's affirmance of that dismissal, stating, first, that the defendant's failure to object to the lack of an arraignment waived the issue and, second, that because there had been no adjudication of the facts underlying the habitual offender charge, there was no double jeopardy bar to trial on that charge. See also *Vinston, supra* at 428.

We acknowledge that, in *People v Johnson,* 94 Mich App 551, 555-556; 288 NW2d 456 (1980), a panel of this Court stated that the Double Jeopardy Clause, Const 1963, art 1, § 15, would bar trial of a habitual offender charge if the jury on the principal charge was dismissed without the defendant's consent. We agree with the prosecutor that such statements are dicta—albeit often repeated dicta—because the jury in *Johnson* was not in fact discharged, but instead went on to try the habitual offender charge.

We agree with the *Vinston* Court that, while it is often said that trials on a principal charge and on an habitual offender charge are "unitary" proceedings, there are situations in which the supplemental information need not be filed before trial

on the principal charge.[2] 120 Mich App 428. We note, as did the *Vinston* Court, that in such situations the double jeopardy issue has, surprisingly, not even been mentioned. 120 Mich App 427-428; see *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982); *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979).

While we are not ready to hold that the Double Jeopardy Clause cannot apply to habitual offender charges, we find that, under the facts of this case, trial on that charge is not barred because there was never a resolution of its factual elements. We note in passing, however, that unexcused delay in proceeding with a supplemental information may, in an appropriate case, amount to prosecutorial misconduct and require reversal.

Reversed.

---

[2] These situations are where the prosecutor is unaware of the defendant's prior record and where more time is needed to verify out-of-state convictions. *Vinston, supra* at 427-428.