# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KINGYAUN DESHAUN NELSON,

Defendant-Appellant.

UNPUBLISHED
April 10, 2018

No. 336497
Wayne Circuit Court
LC No. 15-009200-01-FH

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

Defendant, Kingyuan Nelson, appeals as of right his bench trial convictions of carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. Nelson was sentenced to two years' probation for the convictions of carrying a concealed weapon and felon-in-possession and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND

One afternoon in October 2015, Detroit Police Officer Adam Kline was driving a patrol car with three other police officers, including Officer George Alam, who was seated in the backseat on the driver's side. Officer Alam saw Nelson, who was standing on the sidewalk, reach into his waistband, pull out an object Officer Alam believed to be a gun, and throw it on the ground. Officer Alam told Officer Kline to stop the car because he saw a gun. Officer Alam approached Nelson and detained him, while Officer Kline found the gun. Two other people were in the immediate vicinity, one of whom was charged as a co-defendant who later pleaded guilty to carrying a concealed weapon.

At the close of the first day of the bench trial, on October 20, 2016, the trial court granted defense counsel a continuance to locate a witness. The trial reconvened on October 31, 2016, and the trial court again gave defense counsel additional time to locate the witness. On November 3, 2016, the trial court signed an order providing Nelson with an investigator. On November 11, 2016, defense counsel returned to court without a witness, stating that the investigator had not been able to personally serve the witness, who was dodging service. The trial court denied defense counsel's request for more time, noting that Nelson was out on bond and could have helped find the witness and that the investigator had time to look for the witness.

-1-

## II. ANALYSIS

Nelson now challenges the trial court's decision not to grant him a third continuance, arguing that he was deprived of his constitutional right to present a witness who may have been critical to his defense. We disagree.

"We review constitutional questions de novo." *People v Garay*, 320 Mich App 29, 38; 903 NW2d 883 (2017). We review a trial court's decision not to grant a continuance for an abuse of discretion. *People v Steele*, 283 Mich App 472, 484; 769 NW2d 256 (2009). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

Whether the trial court abused its discretion by denying a continuance turns on four factors: (1) the defendant asserted a constitutional right, (2) the defendant "had a legitimate reason for asserting that right," (3) the defendant was not negligent, and (4) the defendant had not requested previous adjournments. *People v Wilson*, 397 Mich 76, 81; 243 NW2d 257 (1976). In addition, the defendant "must demonstrate prejudice resulting from the trial court's abuse of discretion." *Id*. In *People v Snider*, 239 Mich App 393, 421-422; 608 NW2d 502 (2000), this Court concluded that the trial court did not abuse its discretion by declining to adjourn the trial for the production of a witness because the defendant did not show how the requested witness's testimony would have been helpful.

Likewise, in this case, Nelson has not demonstrated that the production of the witness would have been helpful because Nelson has not identified the witness or shown how the witness would have vindicated his innocence. When counsel requested the second continuance, he agreed that he wanted to use the witness for his defense, contingent on talking to the witness. When he requested the third continuance, counsel stated that the witness was dodging the investigator's attempt to serve the witness (presumably, with a subpoena to testify). Likewise, on appeal, Nelson makes assumptions about the identity of the missing witness and speculates that the witness may have had critical information.[1] Thus, it appears that Nelson does not know what the witness would have said or whether the witness would have been helpful to his defense.

By contrast, Officer Alam testified that he saw Nelson throw a gun on the ground, and Officer Kline found a gun where Officer Alam signaled it would be. Both police officers commented on how quickly and seamlessly the entire incident unfolded. Nelson has not described what the unidentified witness would testify to that would so undermine this testimony as to call into question Nelson's immediate proximity to the discarded gun. Accordingly, Nelson has not demonstrated prejudice.

---

[1] We note that Nelson's brief on appeal acknowledges that he still has not found the witness.

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell