## PEOPLE v. JAMES GARDNER.

*Criminal law—Verification of information before law partner of prosecuting attorney—Impaneling and swearing jury without objection by respondent is a waiver of any objection on that account—Reverification unnecessary —Jeopardy* [1]*—Respondent is placed in by acceptance of competent jury sworn to try the case—The information being legally sufficient to sustain a conviction—If jury is discharged before verdict without respondent's consent, express or implied.*

1. An objection that an information in a criminal case is verified be-

---

[1] See *People v. Barker*, 60 Mich. 278 (head-note 6); *People v. Pline,* 61 Id. 247 (head-note 2).

fore the law partner of the prosecuting attorney, if good, is waived by pleading to such information, and proceeding with the trial to the impaneling and swearing of a jury, without objection.

2. In such a case the reverification of the information, discharge of the jury and impaneling of new one, and entering of plea by order of the court, the respondent refusing to plead, are idle and unnecessary ceremonies.

3. After a *competent* jury has been accepted by a respondent, and impaneled and sworn, the information being legally sufficient to sustain a conviction, a discharge of such jury without sufficient cause operates as an acquittal, in that it effectually bars another trial for the same offense ; but to do this such discharge must have been made without the consent, express or implied, of the respondent.

Error to Eaton. (Hooker, J.) Argued June 24, 1886. Decided July 1, 1886.

Information for embezzlement. Respondent was convicted. Affirmed. The facts are stated in the opinion.

*Van Zile & Fox* and *Clement Smith,* for respondent :

A person is in jeopardy when arraigned before a court of competent jurisdiction, upon an indictment or information so far valid as to warrant a conviction, having pleaded thereto and accepted the jury, who have been sworn to try the case : 1 Bish. Crim. Law, § 1016 ; *Mount v. State,* 14 Ohio, 297 ; *Com. v. Tuck,* 20 Pick, 365 ; *People v. Jones,* 48 Mich. 554.

In such a case, if a *nolle pros.* is entered with leave of the court, and without respondent's consent, it is a bar to another indictment for the same offense : *Mount v. State,* 14 Ohio, 295 ; *Com. v. Tuck,* 20 Pick. 356. See, on this general subject, *People v. Jones,* 48 Mich. 554 ; *People v. Dolan,* 51 Id. 610 ; *People v. Webb,* 38 Cal. 467 ; *Dobbins v. State,* 14 Ohio St. 499.

*Moses Taggart,* Attorney General, for the People :

The *consent* of a defendant to the discharge of a jury is a waiver of any objection to being tried anew : 1 Bish. Crim. Law, § 998 ; *Com. v. Sholes,* 13 Allen, 555 ; *Elijah v. State,* 1 Humph. (Tenn.) 102 ; *Dye v. Com.,* 7 Gratt. 662 ; *Rex v. Stokes,* 6 Car. & P. 151 ; *State v. McKee,* 1 Bailey, 652 ; *Spencer v. State,* 15 Ga. 562 ; *Com. v. Nix,* 11 Leigh, 636 ; *Stewart v. State,* 15 Ohio St. 155 ; *State v. Garvey,* 42 Conn. 232.

CHAMPLIN, J. The defendant was convicted of the crime of embezzlement. A jury having been impaneled and sworn, a witness was called on behalf of the people, and thereupon counsel for the prisoner objected to the introduction of any testimony, on the ground that the information filed in the cause was sworn to before the law partner of the prosecuting attorney. The court, to obviate any objection, directed the prosecuting attorney to verify the information before the clerk of the court, which was done.

The court then directed the prisoner to be again arraigned upon the same information. This was objected to by respondent's counsel because he had once been in jeopardy for the same offense. The prisoner was ordered by the court to stand up, and was arraigned, but refused to plead, and thereupon the court directed the plea of not guilty to be entered. The court then inquired of counsel for respondent if he had any objections to the jury then in the box. The counsel for respondent replied that this was a new issue; that if the information should have been sworn to before the clerk, and the defendant rearraigned, and another plea entered, this was not a jury in this case.

The following colloquy then ensued:

"*Court.* I infer from your objection that you wish a new jury. Have you any objection to the jury as it exists?

"*Defendant's Counsel.* We don't wish anything about it. We want to save the point. We claim that this is a jury that was called in another issue; that the information being sworn to, and the defendant rearraigned, and another plea entered, it is another issue; and that this jury have been called in the issue that is now being tried. As I understand the ruling of the court, I don't think we object to this jury.

"*Court.* I give you the option of having this jury stand aside and another one called, or call this jury [the jury impaneled being still in the box].

"*Defendant's Counsel.* We object to this jury.

"*Court.* You wish them to stand aside?

"*Defendant's Counsel.* I suppose so."

Whereupon the said court discharged the said jury from the case, and directed the clerk of said court to put all the

jury-slips back again in the jury-box.   And thereupon the said court ordered and directed the said clerk of said court to call another jury.   And the same having been called, and the counsel for the people having announced that they were content with the said second jury so called, the court said :.

"Defense any further objection?

"*Defendant's Counsel.* If your honor please, we, objecting to the calling of a jury in this case, do not desire now to do anything by which it may be said that we have waived any objections, or accepted the jury.   Therefore we have nothing to say.

"*Court.* Swear the jury.

"*Defendant's Counsel.* We object to the swearing of the jury.

"*Court.* Let the record show that at every stage of the proceeding where there is an objection, that there is an exception."

The jury were thereupon sworn, and the respondent's counsel thereupon renewed his motion to discharge the prisoner for the reason that the prisoner had already been in jeopardy, and he objected to respondent being again put upon trial for the same offense, which was overruled, and the trial proceeded, and resulted in conviction.

The objection made by the respondent to the information for the reason that it was verified before the law partner of the prosecuting attorney was without merit at that stage of the proceeding, and should have been overruled : *Lambert v. People,* 29 Mich. 71.   This is conceded by the counsel for respondent ; and he says :

"Had the court, upon overruling the objection of counsel to the verification of the information, ordered the prosecuting attorney to verify before the clerk of the court, and then, at that juncture of the case, proceeded with the trial, we think he would not have exceeded his discretion.   But, not stopping there, he orders the rearraignment of the defendant ; and then, after this has been done, and the defendant has waived objection to the jury as it then stood, but intimating that he should raise an objection so as to place on the record the facts as they occurred, he is compelled by the court to elect between the calling of the jury already called and impaneled or the calling of another jury."

It is evident from the record that the court was anxious to be entirely fair with the respondent, and to preserve for him any rights which he had. His counsel first stated that, as he understood the ruling of the court, he did not object to that jury; but immediately afterwards objected to the jury then impaneled, and upon that objection the jury was discharged. Up to this point there had been no error which prejudiced the defendant. The information upon which the respondent was charged would have supported a conviction; at least, no question is raised as to its being legally sufficient. The single objection was to its verification, and that, if ever good, had been waived by pleading without objection, and proceeding with the trial to the impaneling and swearing of a jury.

The additional verification and rearraignment, and entering a new plea of not guilty by order of the court, were idle and unnecessary ceremonies, and neither added to nor detracted from the sufficiency of the information, or the legal *status* of the pleadings as they stood before the useless ceremony was gone through with. And the counsel for respondent is correct when he says that the trial might have been proceeded with before that jury without being open to impeachment for error.

It also follows that respondent was in jeopardy as soon as the first jury was sworn. The only question presented by the record, therefore, is whether the objection made by the respondent to a trial before the second jury ought to be sustained.

Article 6, § 29, of the constitution of this State, declares:

" No person, after acquittal upon the merits, shall be tried for the same offense."

After a jury has been impaneled and sworn, any discharge thereof without sufficient cause operates as an acquittal, in that it effectually bars another trial for the same offense. But to have this operation and effect such discharge must have been made without the consent, express or implied, of the respondent: *Joy v. State,* 14 Ind. 139; *Stewart v. State,* 15

Ohio St. 155; *State v. Garvey*, 42 Conn. 232; *Spencer v. State*, 15 Ga. 562; *Rex v. Stokes*, 6 Car. & P. 151; *State v. McKee*, 1 Bailey, 651; *Com. v. Sholes*, 13 Allen, 555; 1 Bish. Crim. Law, § 998, and cases cited in notes 4 and 5, and note 1, p. 600.

The respondent had a right to one trial, before a fair and impartial jury. He had announced himself satisfied with the jury first impaneled, and it was upon his objection that this jury was discharged and a new one impaneled.

There were but two possible courses for the court to pursue at the time this objection was made by the respondent: One was to go on, against the respondent's objection, and try the cause before the jury then impaneled; and the other was to accede to the objection made and discharge the jury.

The discharge of the jury, under the circumstances of the case, must be deemed to have been done upon the request of the respondent, and with his consent. He has no right to complain that his objection was sustained, and the discharge of the jury with his consent cannot be set up as an acquittal. The issue stood upon the information and plea as originally filed, and the conviction followed upon the issue thus made.

The views above expressed are fully sustained by the authorities cited, and others, both ancient and modern; and none has been called to our attention which sustains the view that a party is entitled to an acquittal who has been put in jeopardy, where, by his own motion, or with his consent, the jury before whom he stood in jeopardy has been discharged.

The judgment must be affirmed.

The other Justices concurred.