## The People v. Horace White.

*Criminal law—Plea in bar—Jeopardy—Discharge of jury.*

1. The judgment in this case is affirmed, on the ground that the plea in bar sets forth that the cause was dismissed and the jury discharged by the court upon the respondent's motion.
2. When a respondent is discharged by his consent, express or implied, a subsequent plea in bar must set forth the *cause* of such discharge, in order that the court may be advised whether it was by the consent of the respondent or not, and for such *reasons* and under such *circumstances* as will amount to an acquittal.

Error to Cheboygan. (Ramsdell, J.) Argued January 26, 1888. Decided March 2, 1888.

Respondent was convicted of rape, and sentenced to State prison for 15 years. Judgment affirmed. The facts are stated in the opinion.

*Watts S. Humphrey*, for respondent.

*Moses Taggart*, Attorney General, for the People.

Sherwood, C. J. The respondent was tried and convicted of the crime of rape, in the Cheboygan circuit, on the thirtieth day of September, 1887, and on the third day of October following he was sentenced to the State prison for the period of 15 years, where he is now serving out the sentence.

It appears from the return to the writ of error that a complaint was made by the injured female, and that both it and the warrant were taken out on the twenty-eighth day of September, 1887, and the plaintiff was arrested thereon and taken before the justice issuing the papers. Here he appeared by counsel and in person, and moved the court to discharge him—

" On account of having been acquitted of the self-same offense in said complaint and warrant charged, in the circuit court for said county, September 28, 1887."

This motion was overruled, and the defendant waived further examination, and the justice held him for trial at the circuit.

On the twenty-ninth of September, 1887, the defendant was arraigned upon an information charging him with the offense stated in the complaint, and, when asked for his plea, he filed what he claims to be a plea of a former acquittal of the same offense in bar, which was duly verified, and reads as follows:

"STATE OF MICHIGAN.
     "*In the Circuit Court for the County of Cheboygan.*
          "THE PEOPLE vs. HORACE WHITE.

"And the said Horace White, in his own proper person, comes into court here, and, having heard the said information, says that the said people ought not to further prosecute the said information, because, he says, that heretofore, to wit, at a circuit court holden at the village of Cheboygan, in said county, on the twenty-eighth day of September, A. D. 1887, it was presented that the said Horace White, then and there described as Horace White, with force and arms, at the township of Benton, county of Cheboygan, State of Michigan, in and upon one Mary Miller, a female of the age of ten years or more, to wit, of the age of fifteen years, then and there being, violently and feloniously did make an assault, and her, the said Mary Miller, then and there, by force and against her will, feloniously did ravish and carnally know.

"And the said respondent, Horace White, having been duly arraigned at the bar in open court, and the information having been read to him by Henry G. Dozer, prosecuting attorney, stood mute and refused to plead thereto, whereupon the court ordered a plea of not guilty to be entered in said cause, which was accordingly done.

"The respondent in said cause being present and trial ordered, thereupon came a jury, to wit, Robert Braham [and 11 others], who were duly impaneled, tried, and sworn, well and truly to try and true deliverance make between the people of the State and the prisoner at the bar, whom they shall have in charge, according to the evidence, and laws of this State; and after one witness being sworn and examined, whereupon, on motion of the defendant's attorney, the cause was dismissed, and thereupon the jury was discharged by the court without rendering a verdict in said cause, as by the record

thereof more fully and at large appears, which judgment still remains in full force and effect, and not in the least reversed or made void.

" And the said Horace White in fact says that he, the said Horace White, so informed against and acquitted as last aforesaid, are one and the same person, and not other and different persons, and that the felony of which the said Horace White was so informed against and acquitted as aforesaid, and the felony of which he is now indicted, are one and the same felony, and not other and different felonies, and this he, the said Horace White, is ready to verify.

" Wherefóre he prays judgment, and that by the court here he may be dismissed and discharged from the said premises in the said information specified, and as to the felony of which the said Horace White now is informed against, he, the said Horace White, says he is not guilty thereof, and of this the said Horace White puts himself upon the country.                                           HORACE WHITE.

" WATTS S. HUMPHREY,
          " Attorney for Defendant."

After filing the same, the circuit court directed the plea of not guilty to be entered for the defendant, and the trial proceeded to verdict and judgment as above stated.

Three errors were assigned upon the record:

1. That the court erred in not compelling the prosecuting attorney to join issue on the defendant's plea, by demurring or replying to the same, and directing a trial thereof.

2. The court erred in not discharging the defendant on said plea, the same not having been replied to or held bad on demurrer.

3. The court erred in disregarding the defendant's plea, and ordering the plea of not guilty to be entered for him, and compelling him to go to trial without first trying the issue tendered by the defendant's plea.

We do not think this record discloses any error. The respondent places himself upon purely technical grounds. The record, brief as it is, discloses the fact that in the former case there was no trial upon the merits, and while it appears' the jury were sworn, and one witness was called and examined, it does not appear that any verdict was taken, or on which side the witness was sworn and examined.

It is not averred in the plea, nor does it appear elsewhere in the record, that the information in the first suit was a

valid one. It is not easy to see, under the plea as it stands, how the respondent can be held to have been in jeopardy in the former prosecution. He himself asked for the action of the court taken in that case, and a verdict was not included in the proceedings.

The case cannot be ruled, as claimed by the respondent's counsel, by that of *People v. Jones,* 48 Mich. 554 (12 N. W. Rep. 848). In that case the jury were impaneled and sworn and the people put in their testimony and rested; in other words, they had made their case against the respondent; and he was then discharged by the court, which very properly held he had been in jeopardy, and that a verdict of the jury was not important on the question. No such action, however, is shown to have been taken in this case by the people.

We do not think it was necessary for the prosecuting attorney to have filed a replication to the plea or taken the ruling of the court thereon before going to the jury with the case. The respondent could have shown upon the trial in defense against conviction the facts he claims if the effect was to acquit.   2 Bish. Crim. Law, § 1027; Rosc. Crim. Plead. § 179; *Walton v. State,* 3 Sneed, 687; *Joy v. State,* 14 Ind. 139; *People v. Casborus,* 13 Johns. 351; *State v. Garvey,* 42 Conn. 232; *State v. Norvell,* 2 Yerg. 24; *Gerard v. People,* 3 Scam. 362; *People v. Pline,* 61 Mich. 247 (28 N. W. Rep. 83); *People v. Gardner,* 62 Id. 307 (29 N. W. Rep. 19); *State v. Parker,* 66 Iowa, 586 (24 N. W. Rep. 225); *State v. Champeau,* 52 Vt. 313; 2 Whart. Crim. Law, § 591.

At the opening of last term, on motion of the Attorney General, an order was taken directed to the circuit judge before whom the cause was tried, requiring him to return to this Court certain proceedings alleged to have occurred in the court below, when the first prosecution was dismissed, and which it was claimed ought to be considered in disposing of the question raised upon this record. Return has been made to that order, but we find nothing therein con-

tained which can be properly reviewed in this Court, on this record.

The writ of error brings into this Court such matters only as appear of record at the circuit, and any of the rulings of that court occurring upon the trial, in the proceedings had, in the disposition of motions not carried on to the record, or not made a part of the record by bill of exceptions, cannot be returned under the writ. If motions other than those relating to the testimony are made and decided, the action of the court therein is proper to be entered upon the record of its proceedings in the case. If this has not been done, and it is deemed important that they should appear in the return after a writ of error is issued, an order may be properly made by this Court directing the correction of the record in this respect, and, when the action of the court has been properly entered upon the record *nunc pro tunc*, such corrected record may be brought into the case in this Court by writ of *certiorari*.

We have not considered the matter returned under the order made further than was necessary to ascertain the fact that it contains nothing properly in the case.

The judgment must be affirmed.

CAMPBELL, J. When this case was argued, I was very much inclined to think there was error in the record. But I am satisfied that none distinctly appears.

I do not think it right to deprive a prisoner of a substantial right on any mere formality, and, had he put in a plea showing an acquittal on the merits, I think the jury should have been sworn to try it, and that the record should show this.

There is no doubt that, after a jury has been sworn to try a prisoner on a valid indictment or information, he is thereby put in jeopardy, and his discharge after that will be a bar to a future trial on the same charge, unless made in some one of the ways which can legally be resorted to and save the

process or avoid the bar. Among admissible causes of discharge are a void indictment, or information insufficient to sustain a conviction, the breaking up and discharge of the jury for some valid reason, and perhaps some other causes.

The strict rule requires the plea to show in some way, by recital of the record or by some kind of averment, enough to indicate what the real state of the old trial was, or else some reference to the former record should be made, by production or otherwise, so that it can be readily seen on what the prisoner relies. Lord Hale, who was a very fair judge, points out the necessity of some degree of care to prevent delays and abuses by sham pleas. 2 Hale, P. C. 241, etc. And it seems also that the defendant should plead over to the felony at the same time, although failure to do so will not deprive him of that right when his plea is decided against him. Archb. Crim. Pl. 89, 90. But there is not, according to Mr. Archbold, any need of an immediate replication or other answer by the prosecutor, and the jury should be sworn and try the issue, on which defendant has the burden. Id.

As our practice allows a bill of exceptions, I think that, whatever may be the form of the plea, it should appear in some way that defendant offered to prove his plea if not demurred to, and the court refused to allow it, and required the trial to proceed on the merits, before error will be presumed. This should certainly be the case unless the plea sets out the old proceedings so specifically as to show a clear case. This practice is far more likely than any other to prevent injustice both to the prisoner and to the people. The plea before us is certainly ambiguous, and does not make a showing at all specific which is not just as consistent with a discharge of the old jury for some cause not touching the merits as any other, and, if defendant desires to rest on his plea alone, he has the burden of making a good and full showing. If he had demanded a trial on it, and fault was found with

the plea, it would have been wrong not to allow an amendment according to the facts, inasmuch as the public is interested in maintaining constitutional rights. But a bad plea on which no relief was asked will not do as a basis of reversal.

I concur in affirmance.

CHAMPLIN, J. I concur in affirming the judgment in this case, upon the ground that the plea in bar sets forth that the cause was dismissed and the jury discharged by the court upon the respondent's motion.

When the discharge is procured by the consent, express or implied, of the respondent, the plea must set forth the cause of such discharge, in order that the court may be advised whether it was by the consent of the defendant or not, and for such reasons and under such circumstances as will amount to an acquittal. We have held that, if the jury were discharged by the consent of the accused, it will not operate as an acquittal. *People v. Gardner*, 62 Mich. 307 (29 N. W. Rep. 19).

MORSE and LONG, JJ., concurred with CHAMPLIN, J.