PEOPLE v THOMAS JOHNSON

Docket No. 78-1459. Submitted June 14, 1979, at Grand Rapids.—
Decided January 3, 1980.

Thomas Johnson was convicted of felonious assault, as a lesser
included offense to an original charge of assault with intent to
rob while armed, and he was convicted, on a supplemental
information, of being an habitual offender, Kalamazoo Circuit
Court, Patrick H. McCauley, J. The defendant appeals, alleging
that 1) the trial court, in response to the defendant's request,
should have instructed the jury on several misdemeanor of-
fenses as lesser included offenses of the original felony charge,
2) the trial court's refusal to either dismiss the supplemental
habitual offender information or impanel a new jury to hear
the habitual offender charge violated the defendant's constitu-
tional privilege against self-incrimination, and 3) the trial court
abused its discretion by allowing the defendant to be impeached
with evidence of a conviction obtained 16 years previously in a
proceeding in which the defendant was not represented by
counsel. *Held:*

1. It is an established rule that, in any case wherein a
charged offense is punishable by incarceration for more than
two years, the trial court, whether or not requested, may not
instruct on lesser included offenses for which the maximum
allowable incarceration period is one year or less. The trial
court did not err in refusing to instruct on the misdemeanor
offenses.

2. Once the jury was sworn in for the trial on the principal
offense, the defendant was in jeopardy as to the principal
offense and as to the supplemental habitual offender charge.
Thus, the trial court could not, without the defendant's con-
sent, discharge the jury after the completion of the trial on the
principal charge and impanel a new jury to hear the habitual
offender charge without violating the defendant's constitutional
protection against double jeopardy. Since the defendant refused

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 575, 604, 710, 876 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 179, 194, 195.
[3] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

to consent to the jury's dismissal, the trial court did not err in refusing to impanel a new jury.

3. Evidence of a defendant's conviction obtained at a trial at which defendant was not represented by counsel is inadmissible for impeachment purposes. The admission of such evidence mandates reversal where it may have influenced the outcome of the case. In the case at bar, the complaining witness and the defendant had met in jail and the incident which led to the assault charge arose out of a heroin transaction. Thus, the credibility of both the defendant and the complaining witness were in question and the use of evidence of the conviction obtained without the aid of counsel might well have influenced the outcome. This was reversible error.

Reversed and remanded for a new trial.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Lᴇssᴇʀ Iɴᴄʟᴜᴅᴇᴅ Oғғᴇɴsᴇs — Mɪsᴅᴇᴍᴇᴀɴᴏʀs — Pᴏʟɪᴄʏ — Iɴsᴛʀᴜᴄᴛɪᴏɴs ᴛᴏ Jᴜʀʏ.

The cause of justice is not well served by charging a serious crime and convicting of a much lower offense; therefore, as a matter of policy, in any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Jᴜʀʏ — Hᴀʙɪᴛᴜᴀʟ Oғғᴇɴᴅᴇʀs — Dɪsᴍɪssᴀʟ ᴏғ Jᴜʀʏ — Dᴏᴜʙʟᴇ Jᴇᴏᴘᴀʀᴅʏ.

A trial court has the discretion to impanel a new jury to hear an habitual offender charge brought in a supplemental information; however, enhancement of punishment for habitual offenders is not a separate proceeding from the trial on the principal charge and jeopardy attaches as to the supplemental charge when the jury is initially impaneled and sworn for trial on the principal charge; therefore, for a trial court to dismiss the jury on its own motion without the defendant's consent prior to the trial on the supplemental charge and impanel a new one would be a violation of the defendant's constitutional guarantee against double jeopardy and it is not error for a trial court to refuse to impanel a new jury for the supplemental charge where the defendant refuses to consent to dismissal of the first jury.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Tʀɪᴀʟ — Eᴠɪᴅᴇɴᴄᴇ — Pʀɪᴏʀ Cᴏɴᴠɪᴄᴛɪᴏɴ Rᴇᴄᴏʀᴅ — Iɴᴠᴀʟɪᴅ Cᴏɴᴠɪᴄᴛɪᴏɴs — Aᴅᴍɪssɪʙɪʟɪᴛʏ — Iᴍᴘᴇᴀᴄʜᴍᴇɴᴛ — Rᴇᴠᴇʀsɪʙʟᴇ Eʀʀᴏʀ.

Evidence contained in a criminal defendant's prior conviction

record regarding prior invalid convictions obtained without the benefit of counsel is inadmissible for impeachment purposes at the defendant's trial; the erroneous admission of such evidence mandates reversal if the admission of evidence of the conviction might well have influenced the outcome of the case.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Principal Appellate Attorney, for the people.

*DeVries & Lamb, P.C.,* for defendant on appeal.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. Defendant was charged with the offense of assault with intent to rob while armed. He appeals his convictions by a jury of the lesser included offense of felonious assault, MCL 750.82; MSA 28.277, and as an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was sentenced on January 17, 1978, to a prison term of 5-1/2 to 6 years. Defendant's motion for a new trial was denied on February 14, 1978.

Defendant raises a number of claims of error. We find that the impeachment of defendant with evidence of a conviction obtained without counsel 16 years earlier denied him a fair trial and warrants reversal. In addition to the impeachment issue, several of defendant's claims of error merit consideration.

Defendant first challenges the rule of *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), that "[i]n any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less". The trial court, on the basis of the *Chamblis* rule, denied defendant's request that the jury be instructed on several misdemeanor offenses. Defendant argues that this rule impermissibly invades the province of the jury to find the facts, denies the defendant effective assistance of counsel, and is without rational basis.

We find this claim to be without merit. The Supreme Court in *Chamblis* stated that the purpose of the rule was to prevent unexplainable compromise verdicts. That is a permissible objective, and it is reasonable to assume that crimes punishable by more than two years imprisonment are more serious and present a greater possibility of compromise than those which are punishable by less than two years imprisonment. Effective assistance of counsel is not denied, as defense counsel may argue to the jury that the prosecutor levied the wrong charge against the defendant. Further, the jury must find each element beyond a reasonable doubt before it may convict.

Because we uphold the application of the rule in *Chamblis, supra,* to defendant's conviction for felonious assault, we find no merit in defendant's argument that it was improper to base the habitual offender charge on a felony conviction in which the jury was not allowed to consider a lesser included misdemeanor offense. *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979), *People v Choate,* 88 Mich App 40, 49; 276 NW2d 862 (1979).

Defendant next argues that the trial court's refusal to either dismiss the supplemental habitual offender information or impanel a new jury to hear the habitual offender charge violated his

constitutional privilege against self-incrimination. Defendant had testified with regard to the charge on the principal information and been impeached by a prior conviction which formed the basis of the supplemental information.

At trial when defendant considered testifying with regard to the principal charge, the question arose as to what effect impeachment of defendant by his prior convictions would have if the same jury was allowed to hear the habitual offender charge. The trial court recognized that it had discretion to impanel a new jury to hear the habitual offender charge. *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The trial court ruled to allow cross-examination regarding prior convictions, but stated that a new jury would be impaneled if defendant so moved.

Upon defendant's conviction for the lesser included felony, felonious assault, trial commenced on the supplemental information charging defendant as an habitual offender, second offense. The trial court expressed on the record a desire to impanel a new jury, but believed that jeopardy had already attached. Because the defendant did not move to dismiss the jury and the trial court felt that it could not, trial commenced on the habitual offender charge with the same jury. A cautionary instruction was given that the jury should disregard anything heard in the previous trial.

Enhancement of punishment under MCL 769.10; MSA 28.1082, for habitual offenders is not a separate proceeding from the trial on the principal charge. *People v Stratton, supra.* Jeopardy attached when the jury was initially impaneled and sworn. *People v Gardner,* 62 Mich 307; 29 NW 19 (1886), *People v Williams,* 85 Mich App 258; 271

NW2d 191 (1978). For the trial court to dismiss the jury on its own motion and impanel a new one without defendant's consent would have violated defendant's constitutional protection against double jeopardy. *People v Williams, supra.*

Defendant moved to dismiss the supplemental information but did not move to dismiss the jury. Since the trial court had already indicated its willingness to impanel a new jury, defendant was in primary control over the course to be followed. See *People v Benton,* 402 Mich 47; 260 NW2d 77 (1977). By refusing to consent to the jury's dismissal, the defendant placed the trial court in the untenable position of denying defendant either his privilege against self-incrimination or his right to be free from double jeopardy. However, since enhancement of punishment under the habitual offender statute is but part of a unitary proceeding, it is defendant who has placed himself in this dilemma. By choosing to testify, he waived his constitutional privilege against answering self-incriminating questions material to the case, *People v Tubbs,* 22 Mich App 549; 177 NW2d 622 (1970), and then attempted to recapture it without losing the protection against double jeopardy. This the defendant may not do. The trial court committed no error in this regard.

Defendant's last contention which merits consideration is that the trial court abused its discretion by allowing defendant to be impeached with evidence of a conviction obtained without counsel 16 years previously. We agree that error was committed which denied defendant a fair trial.

Michigan's new rules of evidence were not in effect at the time of trial. Under those rules, evidence of defendant's 1961 conviction for breaking and entering would not be admissible regardless of its probative value. MRE 609(b).

Under *Loper v Beto,* 405 US 473; 92 S Ct 1014; 31 L Ed 2d 374 (1972), evidence of convictions obtained without counsel, in violation of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963), is inadmissible for impeachment purposes. If it may well have influenced the outcome of the case, their admission into evidence will mandate reversal. *People v Tucker,* 86 Mich App 608; 273 NW2d 498 (1978).

In this case, defendant was impeached by evidence of his 1961 breaking and entering conviction and evidence of a 1972 narcotics conviction. Defendant's defense to the principal charge was that the complaining witness owed him money from heroin investments, and there was already testimony that the two had met in jail. While defendant's credibility was suspect, that of the complaining witness was no better. He had a criminal record which dated back over 25 years. Thus, the case boiled down to a credibility contest which defendant lost. The Court believes that impeachment with evidence of defendant's prior invalid 1961 conviction might well have influenced the outcome of the case. Therefore, the trial court committed reversible error in allowing impeachment with evidence of the 1961 conviction.

Reversed and remanded for a new trial.