PEOPLE v WALTERS

Docket No. 50842. Submitted January 7, 1981, at Lansing.—Decided
September 22, 1981. Leave to appeal applied for.

Henry F. Walters was convicted of receiving and concealing
stolen property valued over $100. The prosecutor subsequently
sought to commence trial proceedings of the defendant as an
habitual offender. The defendant moved to quash the supple-
mental information on that charge, which motion was granted
and the jury was dismissed, Livingston Circuit Court, Bert M.
Hensick, J. The people appeal. The defendant moved to affirm
the decision of the trial court. *Held:*

1. The trial court erred in dismissing the habitual offender
charge on the ground that the defendant had not been ar-
raigned on the charge prior to trial on the principal charge.
The filing of the supplemental information several months
prior to trial provided the defendant with sufficient notice of
the charge.

2. The trial court erred in dismissing the jury without the
request or consent of the defendant. Jeopardy on the supple-
mental charge attached upon the impaneling of the jury on the
principal charge. Thus, to try the defendant before a different
jury would violate his right against being placed twice in
jeopardy.

Affirmed.

MacKenzie, J., dissented. She would hold that the defen-
dant's right against being placed twice in jeopardy would not
be violated by being charged anew as an habitual offender. The
defendant had sufficient notice of the charge in advance of trial
and impliedly consented to the dismissal of the jury and waived
an arraignment on the habitual offender charge by waiting to
object to the failure to arraign him until he had been convicted
on the principal charge as part of his trial strategy. In addition,
the trial court made no ruling in the defendant's favor resolv-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 19, 20.
[3, 4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 5.

ing some or all of the factual elements of the offense charged. She would reverse and remand.

OPINION OF THE COURT

1. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS — STATUTES.

A prosecutor who has reliable information that a defendant has a prior felony record before trial on a subsequent felony charge must file a supplemental information charging the defendant as an habitual offender promptly, if at all; but the prosecutor is not held to this strict filing schedule where he has no actual knowledge of the defendant's prior record, where he cannot be presumed to have such knowledge because the convictions occurred within the same jurisdiction, or where any delay is due to the need to verify out-of-state felony convictions (MCL 769.10 et seq.; MSA 28.1082 et seq.).

2. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATION — NOTICE — DISMISSAL — STATUTES.

Failure of a prosecutor to arraign a defendant on an habitual offender charge until after conviction on a principal offense does not constitute grounds for dismissal of the habitual offender charge where the defendant is provided with sufficient notice of the charge by the filing of a supplemental information sufficiently prior to trial to apprise him of the full extent of the charge to be brought against him and to enable him to engage effectively and meaningfully in a plea-bargaining process (MCL 769.13; MSA 28.1085).

3. CRIMINAL LAW — HABITUAL OFFENDERS — DISMISSAL OF JURY — DOUBLE JEOPARDY.

Enhancement of punishment for habitual offenders is not a proceeding separate from a trial on a principal charge; jeopardy attaches as to the supplemental charge when the jury is impaneled and sworn for trial on the principal charge; thus, the trial court may not dismiss the original jury, *sua sponte,* and impanel a new one to try the supplemental charge absent the defendant's request or consent without violating the defendant's right against being placed twice in jeopardy (US Const, Am V; Const 1963, art 1, § 15).

DISSENT BY MACKENZIE, J.

4. CRIMINAL LAW — HABITUAL OFFENDERS — DOUBLE JEOPARDY.

*A defendant's right against being placed twice in jeopardy is not violated by being charged anew as an habitual offender following a dismissal of the same charge on procedural grounds*

*where the information charging him as an habitual offender was filed sufficiently in advance of trial to afford the defendant notice of the time, place, and nature of the prior convictions, thereby enabling him to prepare a defense, and the trial court did not rule in the defendant's favor so as to resolve some or all of the factual elements of the charged offense.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Jules N. Fiani,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAV-ANAGH and MACKENZIE, JJ.

PER CURIAM. Defendant was convicted by a jury of receiving and concealing stolen property valued over $100, MCL 750.535; MSA 28.803. Immediately after defendant's conviction, the prosecutor sought to commence proceedings charging defendant as an habitual criminal, third offense, MCL 769.11; MSA 28.1083. Pursuant to a motion by defendant, the trial court refused to allow the prosecutor to proceed on the supplemental information since the defendant had not yet been arraigned. The trial court dismissed the defendant's habitual criminal charge and discharged the jury. The prosecutor appeals as of right the trial court's dismissal of the supplemental information. The defendant has filed a motion to affirm the decision of the trial court.

The argument advanced by defendant upon which the trial court relied to dismiss the habitual criminal charge was that the prosecutor was precluded from arraigning a defendant on such a charge after trial of the principal offense.

The applicable statutory filing procedure states:

"Sec. 13. If after conviction and either before or after sentence it appears that a person convicted of a felony has previously been convicted of crimes as set forth in section 10, 11 or 12, the prosecuting attorney of the county in which the conviction was had may file a separate or supplemental information in the cause accusing the person of the previous convictions." MCL 769.13; MSA 28.1085.

The Michigan Supreme Court in *People v Fountain*, 407 Mich 96, 98-99; 282 NW2d 168 (1979), discussed these procedural filing requirements:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

"Here the prosecutors must be presumed to have known the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety."

*Fountain* makes it clear that the prosecutor may not prosecute a person under the habitual offender act if the prosecutor had reliable information pertaining to the person's prior felony record before trial on the principal offense but did not charge the person as an habitual offender until after conviction on the current charge. *People v Mo-*

*head,* 98 Mich App 612; 295 NW2d 910 (1980), citing *Fountain, supra.* The language of *Fountain* can be read to imply that prosecutors are held to this strict filing schedule only where they have actual knowledge of the defendant's prior criminal records or are presumed to have such knowledge on the basis that the convictions occurred in the same jurisdiction.

Neither the statute nor the rules established in *Fountain* indicate that the defendant's time of arraignment is to be accorded any special significance. In addition, this specific question was addressed in *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980). The defendants therein appealed from habitual offender convictions on the ground, *inter alia,* that they were not arraigned on habitual offender charges until after trial on the principal offense. *Id.,* 300-301. The Court rejected this argument, noting that:

"We have examined those claims concerning arraignment on the habitual offender charges, identification evidence at the recidivist trial, and the constitutionality of the habitual offender statute and find them to be without merit. The filing of the supplemental information prior to the principal trial, arraignment just prior to the habitual hearing and the hearing itself were carried out in full compliance with the requirements set forth in MCL 769.13; MSA 28.1085 and case law." *Id.,* 303-304.

Accordingly, in the case at bar, the prosecutor's failure to arraign defendant until after his conviction on the principal offense did not provide cause for the trial court to dismiss the habitual offender charge filed against defendant. Sufficient notice was provided to defendant of the habitual offender charge by the filing of the supplemental information several months prior to trial to apprise the

defendant of the full extent of the charge to be brought against him and enable him to engage effectively and meaningfully in the plea-bargaining process.

We conclude, therefore, that the trial court erred in dismissing the habitual criminal charge because the defendant had not been arraigned on the charge prior to trial on the principal charge.

Furthermore, the defendant in a criminal case does not have the burden of coming forward to request an arraignment on charges even if he is aware that he has not yet been arraigned.

This Court in *People v Thomas Johnson,* 94 Mich App 551, 555-556; 288 NW2d 456 (1980), held:

"Enhancement of punishment under MCL 769.10; MSA 28.1082, for habitual offenders is not a separate proceeding from the trial on the principal charge. *People v Stratton, supra.* Jeopardy attached when the jury was initially impaneled and sworn. *People v Gardner,* 62 Mich 307; 29 NW 19 (1886), *People v Williams,* 85 Mich App 258; 271 NW2d 191 (1978). For the trial court to dismiss the jury on its own motion and impanel a new one without defendant's consent would have violated defendant's constitutional protection against double jeopardy. *People v Williams, supra.*"

The habitual criminal hearing is a unitary proceeding with the trial on the principal charge. Jeopardy attaches when the jury is impaneled in the trial on the principal charge. Habitual criminal charges are not considered separate crimes, "but rather, for deterrent purposes, [are] intended to augment the punishment for second or subsequent felonies". *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958). See also *People v*

*Ross,* 84 Mich App 218, 222; 269 NW2d 532 (1978), *People v Ungurean,* 51 Mich App 262, 265; 214 NW2d 873 (1974), *lv den* 395 Mich 805 (1975), *Johnson, supra.*

Although it is within the trial court's discretion whether or not a new jury will be impaneled to try the habitual criminal charge when the court believes that prejudice may result if the case is presented before the original jury panel, the court may not dismiss the original jury absent the defendant's request or consent. *Johnson, supra.*

We note that no objection was made to the jury's being dismissed; however, there was no request by the defendant herein for dismissal, and the defendant did not consent to it. Thus, under *Johnson,* the defendant's right to be free from being placed twice in jeopardy, US Const, Am V; Const 1963, art 1, § 15, would be violated by reinstatement of the habitual offender charge and a trial on that charge to a different jury. Because the trials on the habitual charge and the principal charge are considered unitary proceedings, the trial court's dismissal of the jury must be considered as being mid-proceeding even though it occurred between the two hearings. Here, because the jury had been impaneled and jeopardy had attached, and because the action is treated as unitary with the trial on the principal offense, and because the jury was dismissed, *sua sponte,* by the trial judge without the defendant's request or consent, we find that to try the defendant before a different jury would violate his double jeopardy rights.

Based on the foregoing, we grant the defendant's motion to affirm the decision of the trial court to dismiss the habitual criminal charge.

Affirmed.

MACKENZIE, J. *(dissenting)*. I disagree with the majority's conclusion that trying defendant on the supplemental charge before a new jury would violate his right against twice being placed in jeopardy for the same offense.

Assuming *arguendo* that the Court in *People v Thomas Johnson,* 94 Mich App 551; 288 NW2d 456 (1980), correctly held that jeopardy attaches for purposes of the recidivist charge at the time the jury is sworn on the underlying charge,[1] it does not follow that where defendant succeeds in getting the charges dismissed on procedural grounds, the Double Jeopardy Clause prevents him from being charged anew.

In the case at bar, the supplemental information was filed sufficiently in advance of trial to afford defendant notice of the time, place, and nature of the prior convictions so that he could prepare a defense. The record indicates that through an oversight on behalf of the prosecutor, defendant was never arraigned on the supplemental information. Defense counsel, well aware of the oversight, did not request an arraignment but, as part of his trial strategy, waited until the jury had convicted defendant on the underlying charge to object to the failure to arraign him on the supplemental information.

While it is true that defendant does not have the duty to request an arraignment, it is also true that such proceeding may be waived. By thus waiting to object to the defect until trial and objecting to the prosecutor's request to try the defendant on the supplemental charge before the jury already empaneled, defendant, in essence,

---

[1] This rule would not cover the situation where the habitual offender information was not filed until after defendant's conviction under the exception in *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976). MCL 769.13; MSA 28.1085.

consented to dismissal of the jury. Trying defendant on the charge in the supplemental information does not constitute a repeated attempt at conviction of a defendant who has been factually acquitted of the charge. Rather, as stated in *United States v Scott,* 437 US 82, 96; 98 S Ct 2187; 57 L Ed 2d 65 (1978), "[i]t is instead a picture of a defendant who chooses to avoid conviction and imprisonment, not because of his assertion that the Government has failed to make out a case against him, but because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt". In the case at bar, there was no ruling consisting of a resolution in defendant's favor of some or all of the factual elements of the offense charged. *Id.,* 97. Thus, the Double Jeopardy Clause does not present a bar to arraignment and trial on the supplemental information. See also *People v Anderson,* 409 Mich 474; 295 NW2d 482 (1980). I would reverse the order of the trial court quashing the supplemental information and remand for arraignment on the charge stated therein.