PEOPLE v FUDGE

Docket No. 63586. Submitted October 17, 1984, at Grand Rapids.—
Decided January 14, 1985.

Clayborne Fudge was charged in Kalamazoo Circuit Court with
breaking and entering a building with intent to commit lar-
ceny. Defendant's first trial on the charge ended in a mistrial
after a witness testified that defendant had told her that he
had already told the judge that he was guilty. A second jury
was impaneled and, after trial, found defendant guilty as
charged. The jury was excused after rendering its verdict. A
supplemental information charging defendant as a third felony
offender was filed. The defendant moved to dismiss the supple-
mental information on the ground that the jury which con-
victed him had been dismissed and a new jury would have to be
impaneled to hear the supplemental charge against him and
that such action would violate his rights against double jeop-
ardy. The court stated that it had not discharged the jury and
could bring it back to hear the supplemental charge. Following
a recess, defendant agreed to plead guilty to being a second
felony offender with the understanding that the double jeop-
ardy issue would be preserved for appeal. Defendant was sen-
tenced, Robert L. Borsos, J. Defendant appeals. *Held:*

1. The mistrial was required by manifest necessity. The
subsequent retrial therefore did not violate defendant's consti-
tutional rights.

2. Trying defendant on the supplemental charge before a new
jury would not have violated his right against twice being
placed in jeopardy for the same offense.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 258, 285.

Double jeopardy after declaration of mistrial or discharge of jury in
federal court. 6 L Ed 2d 1510.

What constitutes "manifest necessity" for state prosecutor's dis-
missal of action, allowing subsequent trial despite jeopardy's
having attached. 14 ALR4th 1014.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 5,
17 *et seq.*

1. Criminal Law — Constitutional Law — Mistrial — Manifest Necessity — Retrial — Double Jeopardy.

The constitutional prohibitions against double jeopardy do not prevent a retrial where a mistrial is declared in the original proceeding because of manifest necessity (US Const, Am V; Const 1963, art 1, § 15).

2. Criminal Law — Constitutional Law — Double Jeopardy — Supplemental Information — Habitual Offenders.

A defendant's double jeopardy rights are not violated by trying him on supplemental charges as an habitual offender before a jury other than the one which convicted him of an underlying offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Edward M. Hendrie,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich,* for defendant on appeal.

Before: Allen, P.J., and R. B. Burns and R. M. Maher, JJ.

R. B. Burns, J. Defendant was convicted by a jury of breaking and entering a building with intent to commit larceny. MCL 750.110; MSA 28.305. Subsequently, he pled guilty as a second offender and was sentenced to serve 10 to 15 years in prison. He appeals and we affirm.

Defendant first claims that he was twice placed in jeopardy when he was retried following the trial court's declaration of a mistrial at his first trial.

The United States and Michigan Constitutions prohibit a defendant from being placed in double jeopardy. US Const, Am V; Const 1963, art 1, § 15. When a mistrial in the original proceeding is ordered, retrial is not prevented by the double jeopardy prohibitions in two circumstances: 1) where the defendant consents to the order of

mistrial or 2) where the mistrial was required by manifest necessity. *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278 (1972).

In the first trial of this case, the trial court ordered a mistrial finding that the testimony of police officer Ardis Pierce violated MRE 410. This rule provides:

> "Except as otherwise provided in this rule, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement."

Pierce testified that, when she entered defendant's cell pursuant to a search warrant to obtain defendant's shoes, defendant voluntarily and without questioning told Pierce that he had already told the judge that he was guilty. (At his arraignment, defendant had stated that he "must be guilty", which the trial judge ruled was an offer to plead guilty.) Defense counsel objected and moved to dismiss. The trial judge agreed that MRE 410 had been violated, but denied the motion to dismiss and, instead, held that the violation was serious enough to justify a mistrial:

> "This is such an important statement, so substantial to the possible guilt of the defendant, that the court does not feel that there's any curative instruction that could be given the jury to correct it, and the court believes that it should be the basis of a mistrial."

The court did not abuse its discretion in holding that the violation of MRE 410 justified a mistrial. Defendant's statement to Pierce was a clear admission of guilt. The admission was damaging and could not have been cured by an instruction to the jury, and there was no other method by which the court could have mitigated the effect of defendant's statement on the jury. Therefore, a mistrial was appropriate. Although defendant did not consent, the mistrial was required by manifest necessity. The subsequent retrial, therefore, did not violate defendant's constitutional rights.

Defendant next claims that trying him on the supplemental charge would violate his rights against twice being placed in jeopardy because the jury hearing the underlying charge against him was dismissed following trial without his consent and a new jury would have to be empaneled to hear the supplemental information.

Shortly after the jury announced its verdict against defendant, the court excused the jury with these words:

"*The Court:* All right. Ladies and gentlemen, thank you very much. Your verdict is received and placed upon the record in this court. I want to thank you for your jury service. I'll ask you to call in tonight, although it's probably not likely we'll be starting any cases tomorrow. But I want to take this opportunity to thank you for your jury service. So, you've seen a part of the court system that maybe you haven't had a closer look at before. We're sorry about the waits. We're up to our necks in alligators here. It's not just the one case you see in court sliding in all sides. We do our best not to make any more of a burden on you than necessary. But we do need to bring the cross section of the community to the courtroom. We need that.

"You are excused and thank you very much."

Subsequently, a hearing was held on the supple-

mental information. At that time, defense counsel moved to dismiss the supplemental information on the basis that defendant's right not to be placed in jeopardy twice would be violated by failure to do so. Defense counsel argued that the dismissal of the jury which convicted defendant and the empaneling of a new jury to hear the supplemental information would violate defendant's constitutional rights. The court offered to bring back the jury which had convicted defendant and ruled that it did not discharge the jury after defendant's first trial. Following a brief recess, defendant entered a plea agreement whereby the prosecution agreed not to include an armed robbery conviction of defendant in the supplemental charge, thereby reducing the charge from that of being a third felony offender to that of being a second felony offender and defendant agreed to plead guilty to being a second offender. All parties agreed that the double jeopardy issue would be preserved for appeal.

In *People v Walters,* 109 Mich App 734, 741; 311 NW2d 461 (1981), Judge MACKENZIE in her dissent stated:

"I disagree with the majority's conclusion that trying defendant on the supplemental charge before a new jury would violate his right against twice being placed in jeopardy for the same offense."

In lieu of granting leave to appeal, our Supreme Court in 412 Mich 879; 313 NW2d 283 (1981), stated:

"[W]e reverse the order of the trial court quashing the supplemental information and remand the case for further proceedings for the reasons given in Judge MACKENZIE's dissenting opinion."

Affirmed.