PEOPLE v ANDREWS

Docket No. 87741. Submitted December 3, 1986, at Lansing. Decided
    February 3, 1987.

    Theodore A. Andrews was convicted of breaking and entering
    with intent to commit larceny. He then was convicted, on his
    plea of guilty, of being a fourth-felony offender, Oakland Circuit
    Court, Steven N. Andrews, J. Defendant appealed, alleging as
    error the fact that he was not arraigned on the supplemental
    information.

      The Court of Appeals *held:*

      Defendant's failure to object to the absence of an arraign-
    ment on a supplemental information waived the issue.

      Affirmed.

CRIMINAL LAW — ARRAIGNMENT — SUPPLEMENTAL INFORMATIONS —
    HABITUAL CRIMINALS — WAIVER.

    The time when an arraignment on a supplemental information is
    held is not important and may occur just prior to the hearing
    on the charge; further, arraignment on a supplmental informa-
    tion may be waived; failure to object to the absence of an
    arraignment on a supplemental information waives the issue.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Robert C. Williams,*
Chief, Appellate Division, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G.
Wolfram*), for defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 433-438.
Am Jur 2d, Indictments and Informations §§ 200 *et seq.*, 299 *et seq.*
See the annotations in the Index to Annotations under Arraign-
    ments; Indictments and Informations.

Before: BEASLEY, P.J., and R. B. BURNS and G. D. LOSTRACCO,* JJ.

PER CURIAM. Defendant was convicted of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. He thereafter pled guilty to being a fourth-felony offender, MCL 769.12; MSA 28.1084. He was sentenced on the underlying offense to from six to ten years in prison. That sentence was vacated and defendant was then sentenced on the habitual offender charge to from eight to twenty years in prison. He now appeals and we affirm.

Defendant first argues that the trial court did not have jurisdiction to accept his guilty plea to the habitual offender charge as he had not been arraigned on the supplemental information. MCL 769.13; MSA 28.1085 provides, inter alia, for arraignments on supplemental informations:

> The court in which the [underlying] conviction was had shall cause the person to be brought before it and shall inform him of the allegations contained in the [supplemental] information, and of his right to be tried on the allegations, and require the offender to say whether he is the same person as charged in the information or not.

Thus, an arraignment on a supplemental information serves the purposes of informing the defendant of the supplemental charge, informing the defendant of his right to trial, and receiving a plea. The time of arraignment is unimportant and may occur just prior to the hearing on the charge. *People v Walters*, 109 Mich App 734, 738; 311 NW2d 461 (1981), rev'd on other grounds 412 Mich 879 (1981).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In this case, defendant failed to object to the failure to conduct an arraignment. The Supreme Court reversed *Walters, supra,* "for the reasons given in Judge MACKENZIE's dissenting opinion." 412 Mich 879. In *Walters,* Judge MACKENZIE opined as follows:

> In the case at bar, the supplemental information was filed sufficiently in advance of trial to afford defendant notice of the time, place, and nature of the prior convictions so that he could prepare a defense. The record indicates that through an oversight on behalf of the prosecutor, defendant was never arraigned on the supplemental information. Defense counsel, well aware of the oversight, did not request an arraignment but, as part of his trial strategy, waited until the jury had convicted defendant on the underlying charge to object to the failure to arraign him on the supplemental information.
>
> While it is true that defendant does not have the duty to request an arraignment, it is also true that such proceeding may be waived. [109 Mich App 741 (MACKENZIE, J., dissenting).]

We also note that the three items which must be covered in an arraignment on a supplemental information, name of offense, right to trial, and entering of plea, must also be covered in any valid guilty plea proceeding. MCR 6.101(F)(1). Defendant does not attack the plea procedure in this case, and thus we may conclude that the above items were adequately covered.

Defendant's failure to object to the absence of an arraignment waived the arraignment issue.

Defendant also argues that the trial judge failed to adequately articulate the reasons for the sentence imposed. See *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

The trial judge could have been more specific

and complete in stating his reasons for his sentence but, under the circumstances of this case, he did articulate sufficiently.

Affirmed.